THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILLY D. PALMER, Defendant-Appellant.

Fourth District   Nos. 4—03—0111, 4—03—0756 cons.

Opinion filed October 8, 2004.

Daniel D. Yuhas and Nancy L. Vincent, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Ewick, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant, Billy D. Palmer, was found guilty of aggravated battery (720 ILCS 5/12—4(b)(1) (West 2002)) by a Champaign County jury on November 12, 2002. The circuit court sentenced him to 36 months' intensive probation. Defendant violated the terms of his intensive probation, and the court resentenced him, this time to seven years in prison. Defendant appeals his conviction and sentence. We affirm.

## I. BACKGROUND

On the morning of December 28, 2001, defendant was sleeping on the couch at his girlfriend's apartment in Urbana. She had asked him to leave, but he refused, so she called her brother, Michael Bailey, who came to the apartment. Defendant and Bailey exchanged words, defendant punched Bailey in the face, and the two began to fight. Defendant picked up a stick and hit Bailey in the face with it, drawing blood and ultimately leaving Bailey with a scar on his left cheek and one on his upper lip.

At trial, the trial court instructed the jury that "[a] person commits the offense of aggravated battery when he knowingly and by any means causes bodily harm to another person" and in doing so uses a deadly weapon. The jury retired to deliberate but soon sent out a note asking the court to define "knowingly." The assistant State's Attorney recommended that the court give the jury an instruction based on Illinois Pattern Jury Instructions, Criminal, No. 5.01B (4th ed. 2000) (hereinafter IPI Criminal 4th No. 5.01B). Defendant's attorney did not object. The court instructed the jury as follows:

> "A person acts knowingly with regard to the nature or attendant circumstances of his conduct when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.
>
> A person acts knowingly with regard to the result of his conduct when he is consciously aware that such result is practically certain to be caused by his conduct."

After hearing this instruction, one juror asked the court:

> "Is a proper distinction to be made between knowingly in the sense of intent and acts that result from intent that also imply knowledge

of, you know, results will follow from this intent, and conversely actions that are purely committed in the heat of the moment, or is that a material distinction?"

At defense counsel's suggestion, the court instructed that it could provide the jury no new information and the jury should consider all of the instructions it had already received in coming to its decision.

The jury found defendant guilty of aggravated battery, and on January 28, 2003, the trial court sentenced him to 36 months' probation. Defendant filed a notice of appeal, docketed No. 4—03—0111. On March 26, 2003, the State filed a petition to revoke defendant's probation. Defendant stipulated to the portion of the petition alleging that he had violated his probation by using marijuana and alcohol. On May 22, 2003, the court resentenced defendant to seven years in prison on the original aggravated-battery conviction. Defendant filed a second notice of appeal, docketed No. 4—03—0756. On his motion, we have consolidated the two appeals.

## II. ANALYSIS

### A. Defect in the Trial Court's Jury Instruction

■ Defendant's first argument on appeal is that the trial court erred in giving the entire IPI Criminal 4th No. 5.01B, defining "knowingly," when only the second paragraph was required. Defendant did not object to the instruction at trial or offer an alternative instruction; both are generally required to preserve the issue for appeal (*People v. Redd*, 173 Ill. 2d 1, 41, 670 N.E.2d 583, 602 (1996)). Defendant nevertheless urges us to consider his argument on the merits because of "substantial defects" in the instruction given. See 177 Ill. 2d R. 451(c). The courts may disregard a procedural default in failing to object to jury instructions if a substantial right is at issue and honoring the default would be fundamentally unfair. *People v. Keene*, 169 Ill. 2d 1, 31, 660 N.E.2d 901, 916 (1995).

■ In an aggravated-battery case, either or both of the two paragraphs of IPI Criminal 4th No. 5.01B can be appropriate depending on whether the relevant knowledge is of the circumstances or the result of the defendant's conduct. See *People v. Lovelace*, 251 Ill. App. 3d 607, 618-19, 622 N.E.2d 859, 867 (1993). In this case, the issue was whether defendant knowingly caused bodily harm when he hit Michael Bailey with a stick. The second paragraph of IPI Criminal 4th No. 5.01B, concerning the result of the defendant's conduct, was thus the appropriate instruction. See IPI Criminal 4th No. 5.01B, Committee Note, at 142.

Defendant relies primarily on *Lovelace*. In *Lovelace*, the defendant was charged with two types of aggravated battery: causing great bodily

harm and battery of a peace officer. *Lovelace*, 251 Ill. App. 3d at 609, 622 N.E.2d at 860-61. The first type requires knowledge of a result (great bodily harm), while the second requires knowledge of circumstances (that the victim was a peace officer). The appellate court held that where both types of knowledge were relevant to the case, the trial court erred in giving only the circumstances instruction. *Lovelace*, 251 Ill. App. 3d at 618-19, 622 N.E.2d at 867.

*Lovelace* is very different from our case. In *Lovelace*, the trial court omitted a necessary instruction; here, in contrast, the court included an extraneous instruction. The instructions given in our case are accurate statements of the law. This is not a case where the trial court gave conflicting or legally incorrect instructions. See *People v. Haywood*, 82 Ill. 2d 540, 545, 413 N.E.2d 410, 413 (1980) (conflicting instructions are reversible error). Rather, one part of the instruction was simply irrelevant to the issues raised in the case. If the jury was confused, it was because it was trying to find a use for the portion of IPI Criminal 4th No. 5.01B relating to knowledge of circumstances.

■ Defendant offers several ways he claims the unnecessary instruction might have confused the jury. For instance, defendant argues that the jury might have thought that it had to find only that defendant knew he injured Bailey. Considering all of the jury instructions together, we conclude that the jury was not misled by the extraneous instruction. The trial court instructed the jury to find defendant guilty if he "knowingly *** cause[d] bodily harm" to Bailey. In this context, "knowingly" is clearly tied to the result of causing bodily harm. The presence of the extraneous instruction was not a substantial defect that would render the trial fundamentally unfair or excuse defendant's failure to object to the instruction at trial.

## B. Trial Counsel Was Not Ineffective

■ Defendant's second argument is that his trial counsel was ineffective for failing to raise a challenge to the jury instruction. We disagree. To demonstrate ineffective assistance of counsel, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by the attorney's errors. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). A defendant must establish a reasonable probability exists that the trial's result would have been different if the attorney had performed adequately. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

Regardless of whether his attorney erred, defendant's challenge fails because the jury verdict was supported by overwhelming evidence. Even if defendant's attorney had objected to the extraneous jury

instruction and succeeded in having it excluded, there is still no reasonable probability that the jury would have acquitted defendant.

## C. Seven-Year Sentence Was Not Error

•5 Finally, defendant contends that the trial court erred when it sentenced him to seven years in prison after revoking his probation. On revoking a defendant's probation, the trial court sentences him to a disposition that would have been appropriate for the original offense. *People v. Turner*, 233 Ill. App. 3d 449, 456, 599 N.E.2d 104, 110 (1992). Defendant's original offense of aggravated battery was a Class 3 felony. See 720 ILCS 5/12—4(e) (West 2002). Because of his prior criminal history, he was eligible for an extended sentence of 5 to 10 years. See 730 ILCS 5/5—8—2(a)(5) (West 2002). The seven-year term fell within the statutory range, and we will not disturb a sentence within the statutory sentencing range absent an abuse of discretion. *People v. Helm*, 282 Ill. App. 3d 32, 35, 669 N.E.2d 111, 114 (1996).

Defendant argues that in imposing a sentence, the trial court impermissibly penalized defendant for violating his probation rather than for the original offense. We disagree. Given defendant's prior criminal record, the injuries he inflicted on the victim, and the need to deter him and others from similar violent conduct, a seven-year sentence was appropriate. The fact that the judge first sentenced defendant to intensive probation does not change that.

As defendant acknowledges, his conduct while on probation is evidence of his rehabilitative potential. See *Turner*, 233 Ill. App. 3d at 456, 599 N.E.2d at 110. Thus, it is appropriate for a defendant who conducts himself poorly while on probation to receive a more severe sentence than he originally received. *Turner*, 233 Ill. App. 3d at 456-57, 599 N.E.2d at 110. In the two months between when defendant was first sentenced and when the State petitioned to revoke his probation, defendant exhibited a shortage of rehabilitative potential. In addition to the drug and alcohol use he admitted, there was evidence that defendant largely failed to adhere to the terms of his intensive probation. We conclude that the trial court did not abuse its discretion when it resentenced defendant to seven years in prison.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

TURNER and APPLETON, JJ., concur.