NO. 4-05-0698      Filed 4/18/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| PHILLIP J. PETERSON, | ) | No. 03CF1091 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Leslie J. Graves, |
| | ) | Judge Presiding. |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

On April 19, 2005, a jury found defendant, Phillip J. Peterson, guilty of first degree murder. The trial court later sentenced him to 45 years in prison with credit for 649 days served. Defendant appeals, arguing (1) he is entitled to a new trial because the jury instructions incorrectly defined the "knowing" element of murder and the court denied the jury's request for clarification, (2) the court erred by denying his motion to suppress statements he made to police, and (3) he is entitled to two additional days of sentence credit. We affirm.

On January 26, 2004, a grand jury indicted defendant on three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2002)) in connection with the shooting death of his girl-friend, Jena Schuch. The indictment alleged defendant (1) shot Schuch with a shotgun with the intent to kill or cause great bodily harm, (2) shot Schuch with a shotgun knowing said act

would cause Schuch's death, and (3) discharged a firearm knowing said act created a strong probability of death or great bodily harm to Schuch.

On June 9, 2004, defendant filed an omnibus motion to suppress. In connection with that motion, defendant contended, inter alia, statements he made to police officer Joseph Childress shortly after police arrived on the scene of the shooting should have been suppressed. He argued his statements resulted from a custodial interrogation but he was not advised of his Miranda rights (see Miranda v. Arizona, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966)). On February 28, 2005, the trial court denied that portion of defendant's motion.

On April 11, 2005, defendant's jury trial began. On April 19, 2005, following the presentation of evidence and arguments of the parties, the trial court instructed the jury on the offense of first degree murder and the included offense of involuntary manslaughter. Without objection from either party, the court also instructed the jury on the definitions of knowledge and recklessness.

During deliberations, the jury sent a note to the trial court requesting "clarification of a person acting recklessly [versus a] person acting knowingly." The jury's note stated that the jurors knew and were reading the definitions in the instructions but were having a difficult time determining the differ-

ence.  Defense counsel suggested that the court direct the jurors to rely upon their own reading of the instructions to determine the verdict.  The court replied to the jury, stating it had been fully instructed as to the law on those issues and asking the jurors to continue their deliberations.  Later, on April 19, 2005, the jury returned a verdict, finding defendant guilty of first degree murder.

On May 10, 2005, defendant filed a posttrial motion.  He noted that his motion was being filed without the benefit of trial transcripts and incorporated all objections made during the trial and all pretrial and trial motions the trial court denied, including his motion to suppress.  Defendant further asserted that the evidence was insufficient to convict him beyond a reasonable doubt.  On August 2, 2005, the court denied defendant's posttrial motion and sentenced him as stated.

This appeal followed.

On appeal, defendant, citing <u>People v. Griffin</u>, 351 Ill. App. 3d 838, 815 N.E.2d 52 (2004), first argues that the jury instructions incorrectly defined the "knowing" element of murder, resulting in jury confusion.  Specifically, he contends the trial court erred by providing the jury with both paragraphs 1 and 2 of Illinois Pattern Jury Instructions, Criminal, No. 5.01B (4th ed. 2000) (hereinafter IPI Criminal 4th No. 5.01B), defining knowledge, when only paragraph 2 applied.  Further, he

maintains this error was compounded when the court failed to clarify the definition of knowledge for the jury. Defendant admits that he failed to preserve this issue for review but contends this court may consider it on appeal pursuant to the plain-error rule or because his trial counsel provided ineffective assistance.

The State maintains Griffin is distinguishable because it involved the omission of a necessary jury instruction, i.e., paragraph 2 of IPI Criminal 4th No. 5.01B, and in this case both paragraphs 1 and 2 of IPI Criminal 4th No. 5.01B were given. Further, it argues that a case more directly on point is People v Palmer, 352 Ill. App. 3d 891, 894, 817 N.E.2d 137, 140 (2004), where this court held that a jury was not misled by an extraneous instruction, i.e., paragraph 1 of IPI Criminal 4th No. 5.01B. The State also asserts that the plain-error rule does not apply and that defendant failed to establish his trial counsel was ineffective.

IPI Criminal 4th No. 5.01B contains three separate paragraphs; however, only paragraphs 1 and 2 are relevant to this appeal. The relevant portions of IPI Criminal 4th No. 5.01B provide as follows:

"[1] A person [(knows) (acts knowingly
with regard to) (acts with knowledge of)] the
nature or attendant circumstances of his

- 4 -

conduct when he is consciously aware that his conduct is of such nature or that such circumstances exist.  Knowledge of a material fact includes awareness of the substantial probability that such fact exists.

[2] A person [(knows) (acts knowingly with regard to) (acts with knowledge of)] the result of his conduct when he is consciously aware that such result is practically certain to be caused by his conduct."

The committee notes to IPI Criminal 4th No. 5.01B further provide that paragraph 1 is to be used if the offense is defined in terms of prohibited conduct and paragraph 2 is to be used if the offense is defined in terms of prohibited result.  If both conduct and result are at issue, then both paragraphs should be used.  IPI Criminal 4th No. 5.01B, Committee Note, at 142.

In People v. Lovelace, 251 Ill. App. 3d 607, 617, 622 N.E.2d 859, 866 (1993), cited in the committee notes, the Second District was asked to determine whether the trial court improperly instructed the jury in connection with the defendant's aggravated-battery charges when it instructed the jury pursuant to only the first paragraph of IPI Criminal 4th No. 5.01B and not the second.  The court found both conduct and result were in issue "because the indictment charged [the] defendant with both

aggravated battery by knowingly causing great bodily harm and aggravated battery of a peace officer with the underlying battery based on knowingly causing bodily harm."  Lovelace, 251 Ill. App. 3d at 619, 622 N.E.2d at 867.  Therefore, it determined the trial court erred by not giving the jury both paragraphs of IPI Criminal 4th No. 5.01B.  Lovelace, 251 Ill. App. 3d at 618, 622 N.E.2d at 867.

In Griffin, 351 Ill. App. 3d at 839-40, 815 N.E.2d at 53-54, the case relied upon by defendant, the defendant was charged with first degree murder.  The trial court instructed the jury on both first degree murder and involuntary manslaughter, as well as the definition of recklessness.  Griffin, 351 Ill. App. 3d at 851-52, 815 N.E.2d at 63.  During deliberations the jury expressed confusion over the definitions of knowledge and intent.  Griffin, 351 Ill. App. 3d at 852, 815 N.E.2d at 63.  In response, the court provided the jury with IPI Criminal 4th No. 5.01A, defining intent, and paragraph 1 of IPI Criminal 4th No. 5.01B, defining knowledge.  Griffin, 351 Ill. App. 3d at 852, 815 N.E.2d at 63.  Although the defendant argued the court should have instructed the jury using paragraph 2, because the result of the defendant's conduct was at issue, the court agreed with the State's position that only paragraph 1 was necessary.  Griffin, 351 Ill. App. 3d at 852, 815 N.E.2d at 63.

On appeal, the defendant argued the trial court improp-

erly instructed the jury on the definition of knowledge because it selected the wrong language from IPI Criminal 4th No. 5.01B. Griffin, 351 Ill. App. 3d at 851, 815 N.E.2d at 62-63. This court determined that instructing the jury pursuant to only the first paragraph of IPI Criminal 4th No. 5.01B was error. Griffin, 351 Ill. App. 3d at 852, 815 N.E.2d at 63. In so holding, we noted that there was no dispute over whether the defendant performed the acts that caused the victim's death and the only disagreement centered on the defendant's mental state when she performed those acts. Griffin, 351 Ill. App. 3d at 854, 815 N.E.2d at 64-65.

In Palmer, 352 Ill. App. 3d at 892, 817 N.E.2d at 138, the case relied upon by the State, the trial court instructed the jury as to the charged offense, aggravated battery. During deliberations, the jury asked the court to define "knowingly." Palmer, 352 Ill. App. 3d at 892, 817 N.E.2d at 138-39. Without objection from the defendant, the court instructed the jury pursuant to both paragraphs 1 and 2 of IPI Criminal 4th No. 5.01B. Palmer, 352 Ill. App. 3d at 892, 817 N.E.2d at 139.

On appeal, the defendant argued the trial court erred by giving instructions pursuant to both paragraphs 1 and 2 of IPI Criminal 4th No. 5.01B when only the second paragraph was necessary. Palmer, 352 Ill. App. 3d at 893, 817 N.E.2d at 139. This court began by noting that the second paragraph of IPI Criminal

- 7 -

4th No. 5.01B, concerning the result of a defendant's conduct, was the appropriate instruction because the issue in the case was whether the defendant knowingly caused bodily harm when he hit the victim.  Palmer, 352 Ill. App. 3d at 893, 817 N.E.2d at 139-40.  However, we distinguished Lovelace, pointing out that it involved the trial court's omission of a necessary instruction, whereas, the case at bar involved the court's inclusion of an extraneous instruction.  Palmer, 352 Ill. App. 3d at 893-94, 817 N.E.2d at 139-40.

This court noted that the given instructions were an accurate statement of the law, not conflicting or legally incorrect.  Palmer, 352 Ill. App. 3d at 894, 817 N.E.2d at 140.  Additionally, we stated "one part of the instruction was simply irrelevant to the issues raised in the case" and "[i]f the jury was confused, it was because it was trying to find a use for the portion of IPI Criminal 4th No. 5.01B relating to knowledge of circumstances."  Palmer, 352 Ill. App. 3d at 894, 817 N.E.2d at 140.  After considering all of the jury instructions together, we determined that the jury was not misled by the extraneous instruction.  Palmer, 352 Ill. App. 3d at 894, 817 N.E.2d at 140.  Further, we stated that "[t]he presence of the extraneous instruction was not a substantial defect that would render the trial fundamentally unfair or excuse defendant's failure to object to the instruction at trial."  Palmer, 352 Ill. App. 3d at

- 8 -

894, 817 N.E.2d at 140.  Giving the instructions was not error.

Here, defendant also argues the trial court erred by denying the jury's request for clarification of a person acting knowingly versus a person acting recklessly.  Regarding a jury's request for clarification of instructions, this court has stated as follows:

> "When a jury raises an explicit question manifesting juror confusion on a substantive legal issue, the trial court is obligated to respond.  However, a trial court has discretion to refuse to answer and should consider factors including whether the instructions are readily understandable and sufficiently explain the relevant law, whether further instructions would serve no useful purpose or would potentially mislead the jury, whether the jury's inquiry involves a question of fact, or whether giving an answer would cause the court to express an opinion that would likely direct a verdict one way or another." People v. Comage, 303 Ill. App. 3d 269, 273, 709 N.E.2d 244, 247 (1999), citing People v. Childs, 159 Ill. 2d 217, 228-29, 636 N.E.2d 534, 539 (1994).

As noted by the parties, defendant has forfeited these issues on appeal because he failed to make objections at trial and failed to include the issues in his posttrial motion. See People v. Enoch, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988) (to preserve an issue for appeal, a defendant must object to the alleged error at trial and include it in a written posttrial motion). However, defendant contends we may review his alleged errors under the plain-error doctrine or because his trial counsel provided ineffective assistance.

Supreme Court Rule 451(c) (210 Ill. 2d. R. 451(c)) provides for review of substantial defects in jury instructions if the interests of justice require. Rule 451(c) is coextensive with the plain-error rule and the two are construed identically. People v. Herron, 215 Ill. 2d 167, 175, 830 N.E.2d 467, 473 (2005). "An erroneous jury instruction may be considered plain error only where evidence of guilt is closely balanced or when the error denied the defendant a fair trial." Griffin, 351 Ill. App. 3d at 855, 815 N.E.2d at 65.

Here, the jury was adequately instructed and neither the trial court's inclusion of an extraneous jury instruction nor its response to the jury's request for clarification constitutes plain error. The parties agree that defendant committed the acts that resulted in Schuch's death and that the central issue in the case was defendant's mental state, i.e., whether he acted know-

ingly or recklessly.  Paragraph 2 of IPI Criminal 4th No. 5.01B, regarding the prohibited result of a defendant's conduct, was the appropriate instruction, and the record reflects it was given to the jury.

Unlike <u>Lovelace</u> and <u>Griffin</u>, the trial court did not omit a necessary instruction.  Instead, it included paragraph 1 of IPI Criminal 4th No. 5.01B, an extraneous instruction.  As in <u>Palmer</u>, we find the given instructions constituted an accurate statement of the law.  Further, although the jury requested clarification of a person acting recklessly versus a person acting knowingly, it does not necessarily follow that its difficulty stemmed from the inclusion of paragraph 1 of IPI Criminal 4th No. 5.01B in the jury's instructions.  The jury was instructed that "[a] person acts knowingly with regard to the result of his conduct when he is consciously aware that such result is practically certain to be caused by his conduct."  The jury was not misled and the inclusion of paragraph 1 of IPI Criminal 4th No. 5.01B was not a substantial defect rendering the trial fundamentally unfair.

Regarding the trial court's response to the jury's request for clarification, we note defendant not only failed to object to the court's response, his counsel specifically requested the given response.  The jury's confusion centered on the definition of recklessness versus the definition of knowledge.

- 11 -

The jurors had before them appropriate instructions defining both terms.  Moreover, defendant has failed to suggest a response that the court could have given that would not have been cumulative of information already before the jury.  The trial court's response to the jury was not a substantial defect that rendered the trial fundamentally unfair.

Also, the evidence in this case was not closely balanced.  Although defendant consistently maintained the shooting was an accident, the record reflects he gave several different versions of how the shooting occurred.  None of defendant's versions were consistent with the physical evidence.

The jury was adequately instructed and the given instructions were an accurate statement of the law.  The record is clear.  The trial court's rulings do not constitute plain error.

Defendant further argues that this court may consider his alleged errors because his trial counsel provided ineffective assistance.  To establish ineffective assistance of counsel a defendant must show (1) his counsel's performance was deficient, falling below an objective standard of reasonableness and (2) he was prejudiced in that, absent counsel's deficient performance, a reasonable probability exists that the results of the proceeding would have been different.  People v. Evans, 209 Ill. 2d 194, 219-20, 808 N.E.2d 939, 953-54 (2004), citing Strickland v.

*Washington*, 466 U.S. 668, 687, 694, 80 L. Ed. 2d 674, 693, 698, 104 S. Ct. 2052, 2064, 2068 (1984). "[A] defendant must satisfy both the performance and prejudice prongs of *Strickland*." *Evans*, 209 Ill. 2d at 220, 808 N.E.2d at 954. Defendant has failed to satisfy either *Strickland* prong.

Defendant next argues the trial court erred by denying his motion to suppress regarding statements he made to Officer Childress. Specifically, he contends his statements were made during a custodial interrogation and he was not advised of his *Miranda* rights. The State responds that defendant's statements were admissible because they resulted from general on-the-scene questioning. Alternatively, it contends (1) defendant failed to prove he was in custody when Childress questioned him or (2) any error was harmless.

At defendant's suppression hearing, Childress testified that on September 13, 2003, he was a police officer and was dispatched to the scene of a shooting. He arrived on the scene at approximately the same time as two other uniformed police officers, Donald Gillette and Carl Crawford, and saw defendant standing outside of a residence. Childress testified he made contact with defendant and asked defendant who the victim was and where he or she was located. Childress noted defendant had blood on his clothes.

According to Childress, defendant directed the officers

into a residence. Upon entering, Childress observed the shooting victim, who was later identified as Schuch. Childress checked the residence for additional occupants while Gillette and Crawford attended to Schuch. Childress then went outside and had further contact with defendant that was "more extensive than [their] initial contact." Specifically, Childress asked defendant "what happened" and, in response, defendant provided a statement about how the shooting occurred. We note that the statement provided by defendant was inconsistent with both previous and subsequent statements he made to police and others.

Childress testified his conversation with defendant lasted for only a couple of minutes and that he did not read defendant his Miranda rights. He stated defendant was not a suspect at that point in the investigation. Further, defendant was not in custody; however, he would not have been permitted to leave the scene.

Pursuant to Miranda, 384 U.S. at 444, 16 L. Ed. 2d at 706-07, 86 S. Ct. at 1612, a defendant's statements must be suppressed if made in response to a custodial police interrogation "unless preceded by a statement of basic constitutional rights and a waiver of those rights." People v. Newsome, 117 Ill. App. 3d 1005, 1007, 454 N.E.2d 353, 355 (1983). A custodial interrogation involves "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise

- 14 -

deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444, 16 L. Ed. 2d at 706, 86 S. Ct. at 1612.

"Miranda warnings are not *** necessary where the police conduct a general on-the-scene questioning as to facts surrounding a crime." People v. Parks, 48 Ill. 2d 232, 237, 269 N.E.2d 484, 487 (1971); Miranda, 384 U.S. at 477-78, 16 L. Ed. 2d at 725-26, 86 S. Ct. at 1629-30. "In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present." Miranda, 384 U.S. at 478, 16 L. Ed. 2d at 726, 86 S. Ct. at 1630.

Review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. People v. Pitman, 211 Ill. 2d 502, 512, 813 N.E.2d 93, 100 (2004). The court's factual findings will be upheld unless they are against the manifest weight of the evidence. Pitman, 211 Ill. 2d at 512, 813 N.E.2d at 100. Its ruling on the ultimate question of whether to suppress the evidence is subject to de novo review. Pitman, 211 Ill. 2d at 512, 813 N.E.2d at 101.

A review of the record reflects the trial court properly denied defendant's motion to suppress his statements to Childress. Childress was one of the first police officers to arrive on the scene of the shooting. Upon his arrival, he saw defendant, who directed him to the victim's location. After observing the victim, Childress asked defendant one question,

"what happened." In response, defendant provided a statement of how the shooting occurred. Their conversation lasted only a short period of time and occurred outside near the scene of the shooting.

In this instance, Childress's actions constituted general on-the-scene questioning as to facts surrounding a possible crime. Therefore, Miranda warnings were not required. Given our resolution of this issue, we need not address the State's remaining contentions.

Finally, defendant contends he is entitled to two additional days of sentence credit. Specifically, he maintains he is entitled to 651 days of sentence credit instead of the 649 days ordered by the trial court because he was taken into custody on October 22, 2003, and remained in custody through August 2, 2005, the date he was sentenced. The State maintains the court's sentence-credit calculation is off by only one day because defendant is not entitled to credit for the day he was sentenced. However, it asks this court to take judicial notice of the Illinois Department of Corrections's (DOC) public records and find that defendant is not entitled to any additional sentence credit because DOC has already provided him with all of the credit to which he is legally entitled.

A defendant must receive sentence credit "for time spent in custody as a result of the offense for which the sen-

tence was imposed." 730 ILCS 5/5-8-7(b) (West 2004). A defendant should receive credit against his sentence for any part of a day that he is held in custody. People v. Compton, 193 Ill. App. 3d 896, 904, 550 N.E.2d 640, 645 (1990). However, "a defendant will not be credited for the day of sentencing in which he is remanded to [DOC]." People v. Foreman, 361 Ill. App. 3d 136, 157, 836 N.E.2d 750, 768 (2005). Additionally, this court may take judicial notice of DOC's records because they are public documents. People v. White, 357 Ill. App. 3d 1070, 1072, 831 N.E.2d 657, 659 (2005); Ashley v. Pierson, 339 Ill. App. 3d 733, 739-40, 791 N.E.2d 666, 671-72 (2003).

Here, defendant argues he is entitled to sentence credit beginning October 22, 2003, through the date of his sentencing. The record shows he was arrested on that date and, thereafter, remained in custody. As the State points out, DOC's records reflect defendant's "custody date" to be October 22, 2003. Its records further show his projected parole date to be October 22, 2048, and his discharge-from-parole date to be October 22, 2051. Thus, DOC has provided defendant with all of the sentence credit to which he is entitled and it is unnecessary for this court to award any additional credit.

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State its statutory assessment of $50 against defendant as costs of this

appeal.

Affirmed.

STEIGMANN, P.J., concurs.

COOK, J., specially concurs.

JUSTICE COOK, specially concurring:

I concur, but it does appear the pattern instructions are confusing.

If defendant knows that his acts "create a strong probability of death or great bodily harm," he is guilty of first degree murder. 720 ILCS 5/9-1(a)(2) (West 2004). If defendant recklessly performed acts that "are likely to cause death or great bodily harm," he is only guilty of involuntary manslaughter. 720 ILCS 5/9-3(a) (West 2004). There does not seem to be much difference between acts creating "a strong probability" and acts "likely."

A person "acts knowingly" with regard to "[t]he nature or attendant circumstances of his conduct *** when he is consciously aware that his conduct is of such nature or that such circumstances exist." (Emphasis added.) 720 ILCS 5/4-5(a) (West 2004). A person "acts recklessly, when he consciously disregards

- 18 -

a substantial and unjustifiable risk that circumstances exist or that a result will follow." (Emphasis added.) 720 ILCS 5/4-6 (West 2004). There does not seem to be much difference between acting knowingly and acting recklessly, except that "recklessly" is phrased in the negative. There does not seem to be much difference between being consciously aware that acts create a strong probability of death or great bodily harm and consciously disregarding a substantial and unjustifiable risk that death or great bodily harm will result.

The analysis may be different in this case than in cases involving a fight situation, such as DiVincenzo. If a defendant is playing with a loaded weapon and it goes off and kills someone, it would appear that defendant was consciously aware that his acts created a strong probability of death or great bodily harm (first degree murder). It would also appear that defendant consciously disregarded a substantial and unjustifiable risk that such a result would follow (involuntary manslaughter). How is a jury to distinguish between the two offenses?