NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180500-U

NO. 4-18-0500

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 11, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| TYLER L. WILLIAMS-SMITH, | ) | No. 17CF24 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Nancy S. Fahey, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court did not abuse its discretion in resentencing defendant.

¶ 2        In March 2017, defendant, Tyler L. Williams-Smith, pleaded guilty to aggravated domestic battery, and the trial court sentenced him to 30 months' probation. In February 2018, the State filed a petition to revoke defendant's probation, and defendant later admitted an allegation set forth in the petition. In June 2018, the trial court resentenced defendant to four years' incarceration.

¶ 3        Defendant appeals, arguing the trial court improperly punished him for his inability to pay for a domestic violence evaluation and, therefore, defendant's sentence is excessive. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        In January 2017, the State charged defendant by information with two counts of aggravated domestic battery, alleging strangulation (720 ILCS 5/12-3.3(a-5) (West 2016)) and two counts of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2016)). In March 2017, defendant pleaded guilty to one count of aggravated domestic battery, a Class 2 felony, and the other charges were dismissed. Pursuant to the negotiated plea agreement, the trial court sentenced defendant to 30 months' probation. The terms of his probation included obtaining a domestic violence evaluation within 45 days of sentencing, completing the recommended counseling or treatment, refraining from alcoholic beverages, and having no contact with the victim.

¶ 6        On February 22, 2018, the State filed a petition to revoke defendant's probation, alleging defendant (1) failed to report to his probation officer on six occasions, (2) consumed alcohol on August 19 and August 20, 2017, (3) failed to obtain a domestic violence evaluation, and (4) had contact with the victim on February 21, 2018. In May 2018, defendant admitted consuming alcohol on August 19 and August 20, 2017, and the State withdrew the remaining allegations.

¶ 7        In June 2018, defendant's resentencing hearing commenced. Michelle Merz, a domestic violence officer for the Vermilion County probation department, testified that she supervised defendant during his probation. Merz testified that defendant failed to report to the probation department on six occasions and failed to obtain a domestic violence evaluation. In addition, Merz stated that she read in a police report that defendant had contact with the victim. On cross-examination, Merz stated defendant missed an office visit in September 2017 due to a leg injury and she had not heard from defendant since. Merz testified defendant had difficulty

paying for a domestic violence evaluation and six-month domestic violence program, which cost $75 for indigent participants. Defendant told Merz he had difficulty finding employment because of his felony conviction in this case. Merz also testified that she spoke with defendant about his alcohol problems and believed defendant needed treatment.

¶ 8        Defendant presented no evidence. The State recommended a sentence of five years' incarceration. Defendant requested an additional term of probation. Defendant gave a statement in allocution, stating he knew he "did wrong in the past" and desired to "show everybody that I can do better."

¶ 9        The trial court responded, stating,

"Sir, in my opinion, you got one chance on an aggravated domestic battery, strangulation, at probation, and you completely blew it and you are making excuses now as to why you blew it. *** I am fairly certain that if you had wanted to participate in [a domestic violence evaluation and] program, you could have come up with the $75 to do so, and you chose not to."

Defendant interjected, stating "I tried, Your Honor."

¶ 10        The trial court noted defendant presented no factors in mitigation, and the trial court did not find any mitigating factors that applied. The court found the following factors in aggravation: (1) defendant's conduct caused or threatened serious harm, (2) defendant had a prior criminal history, and (3) a sentence was necessary to deter others from committing the same type of crime. The court further found that probation "would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." The court then resentenced defendant to four years' incarceration.

¶ 11     Later that month, defendant filed a motion to reconsider his sentence and/or a motion to withdraw his admission, which, following a July 2018 hearing, the trial court denied.

¶ 12     This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14     Generally, the imposition of a sentence is within the sound discretion of the trial court. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8, 973 N.E.2d 459. Accordingly, "there is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, such that the trial court's sentencing decision is reviewed with great deference." *Id.* "The trial court's determination will not be disturbed absent a showing of abuse of discretion [citations], or unless the trial judge relied on improper factors in imposing the sentence [citation]." *People v. Morgan*, 306 Ill. App. 3d 616, 633, 713 N.E.2d 1203, 1215 (1999).

¶ 15     Defendant contends the trial court improperly punished him for his inability to pay for a domestic violence evaluation and thus imposed an excessive sentence. Defendant pleaded guilty to aggravated domestic battery, a Class 2 felony, with a sentencing range of three to seven years' imprisonment. See 720 ILCS 5/12-3.3(a-5) (West 2016); 730 ILCS 5/5-4.5-35 (West 2016). The court sentenced defendant to four years' imprisonment. Accordingly, defendant's sentence fell within the statutory sentencing range for the offense.

¶ 16     Upon revocation of a defendant's probation, the trial court resentences the defendant "to a disposition that would have been appropriate for the original offense." *People v. Palmer*, 352 Ill. App. 3d 891, 895, 817 N.E.2d 137, 140 (2004). "Although the sentence imposed after revocation of probation may not constitute punishment for conduct which was the basis of revocation, the defendant's conduct on probation is to be considered by the trial court in assessing the defendant's potential for rehabilitation ***." *People v. Turner*, 233 Ill. App. 3d

449, 456, 599 N.E.2d 104, 110 (1992). "[I]t is appropriate for a defendant who conducts himself poorly while on probation to receive a more severe sentence than he originally received." *Palmer*, 352 Ill. App. 3d at 895. Also, "a sentence imposed after probation is revoked may differ from the sentence which could have been imposed had probation not been granted." *Turner*, 233 Ill. App. 3d at 456.

¶ 17        Defendant cites to a collection of cases for the proposition that (1) defendants should not be punished for their inability to pay fees associated with a judgment imposing probation and (2) the trial court is required to adequately consider a defendant's financial situation before requiring him to pay fees. We note, however, none of the cases to which defendant refers pertain to resentencing a defendant who has violated his probation. Rather, the majority of the cases defendant cites pertain to the imposition of fines or costs. See *People v. Ruff*, 115 Ill. App. 3d 691, 694, 450 N.E.2d 1369, 1372 (1983) (challenging the imposition of a fine); *People v. Contursi*, 2019 IL App (1st) 162894, ¶ 19, 127 N.E.3d 987 (same); *People v. Love*, 177 Ill. 2d 550, 554-55, 687 N.E.2d 32, 34 (1997) (challenging an order to pay reimbursement for appointed counsel); *People v. Cook*, 81 Ill. 2d 176, 181, 407 N.E.2d 56, 58 (1980) (same); *People v. MacTaggart*, 2019 IL App (3d) 160583, ¶ 10 (challenging a finding that the defendant could afford private counsel); *In re Marriage of Breitenfeldt*, 362 Ill. App. 3d 668, 674, 840 N.E.2d 694, 699 (2005) (challenging whether there was a substantial change in circumstances to support the modification of a child support order). In this case, the trial court did not require as a part of defendant's resentencing that defendant pay the fee for a domestic violence evaluation or determine if defendant should be required to pay such a fee. Rather, the trial court resentenced defendant to four years in prison for his original conviction of aggravated domestic battery. Even if we were to assume the trial court improperly considered defendant's

failure to complete a domestic violence evaluation when resentencing defendant, we are not convinced the court considered defendant's failure to pay the associated fees as a factor in aggravation.

¶ 18      "A trial judge's inclusion of some personal observations does not necessarily rise to an abuse of discretion. [Citation.] Any additional comments or observations made by the trial judge are generally of no consequence where the record shows the court otherwise considered proper sentencing factors." *People v. Thurmond*, 317 Ill. App. 3d 1133, 1142, 741 N.E.2d 291, 299 (2000). " 'The fact that the sentencing judge added some personal observations before imposing sentence, while not to be encouraged, is of no consequence.' " *People v. Steppan*, 105 Ill. 2d 310, 323, 473 N.E.2d 1300, 1307 (1985).

¶ 19      In this case, the trial court stated its observation that defendant "could have come up with the $75" if he truly wanted to participate in a domestic violence program. The court made no further reference to the domestic violence evaluation. The court did not find any factors in mitigation. With regard to factors in aggravation, the court stated, "The factors in aggravation that apply, according to the Court, are your conduct caused or threatened serious harm, you have a history of prior delinquency or criminal activity, and the sentence is definitely necessary to deter others from committing the same crime." Although the court could consider defendant's conduct on probation when assessing defendant's potential for rehabilitation, the court did not find the rehabilitation potential weighed as either an aggravating or mitigating factor. Defendant was sentenced to four years' imprisonment, one year over the minimum sentence, one year less than the State requested, and significantly less than the maximum. We cannot agree that such a sentence was an abuse of the trial court's discretion.

¶ 20        For the first time on appeal, defendant argues that imprisoning him for more than a minimum sentence fails to adequately consider the financial costs of incarcerating individuals for "relatively minor offenses that previously were deemed appropriate for a term of probation." In addition, in his reply brief, defendant argues the burden of defendant's incarceration on the Department of Corrections is particularly high considering the ongoing Coronavirus Disease 2019 (COVID-19) pandemic. Defendant's argument pertaining to COVID-19 is in violation of Illinois Supreme Court Rule 341(j) (eff. May 25, 2018) ("The reply brief *** shall be confined strictly to replying to arguments presented in the brief of the appellee ***."). However, even if we were to interpret defendant's argument as further support for defendant's cost of incarceration contention, the argument would nonetheless be forfeited.

¶ 21        "A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days following the imposition of sentence." 730 ILCS 5/5-4.5-50(d) (West 2016). Further, sentencing errors not raised in the trial court are forfeited for review. *People v. Rathbone*, 345 Ill. App. 3d 305, 308-10, 802 N.E.2d 333, 336-37 (2003). In light of defendant's failure to raise these issues in his motion to reconsider sentence, forfeiture clearly applies. *People v. Harris*, 366 Ill. App. 3d 1161, 1164, 853 N.E.2d 912, 915 (2006). Thus, we find defendant forfeited these issues. Since defendant also does not argue plain error, we honor the forfeiture. See *People v. Hillier*, 237 Ill. 2d 539, 550, 931 N.E.2d 1184, 1190 (2010) (appellate court erred in reaching merits of issues where defendant forfeited issues and did not argue plain error).

¶ 22        Finally, even if we were to consider defendant's argument that the trial court failed to adequately consider the cost of incarceration on the merits, it would fail. Section 5-4-1(a)(3) of the Unified Code of Corrections (730 ILCS 5/5-4-1(a)(3) (West 2016)) requires a trial

court consider the financial cost of incarceration. It is well settled that a trial court is not required to specify on the record its reasons for a sentence. *People v. Canizalez-Cardena*, 2012 IL App (4th) 110720, ¶ 24, 979 N.E.2d 1014. Therefore, absent contrary evidence, it is reasonable to presume that the trial court considered the financial impact before imposing the sentence. *Id.* Here, defendant has pointed to nothing in the record that overcomes the presumption that the court adequately considered the financial impact of incarceration when imposing his sentence. Thus, defendant's argument fails.

¶ 23                                    III. CONCLUSION

¶ 24            For the reasons stated we affirm the trial court's judgment.

¶ 25            Affirmed.