NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 210607-U

NO. 4-21-0607

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 31, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DURWYN TALLEY, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| JOSEPH JENNINGS, | ) | No. 20MR961 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Christopher G. Perrin, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices Harris and Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court affirmed the circuit court's judgment where plaintiff failed to present a sufficiently complete record of the underlying proceedings before the circuit court on appeal.

¶ 2   In October 2020, plaintiff, Durwyn Talley, filed a "class action" complaint against defendants, Joseph Jennings, John Eilers, Rob Jeffreys, Leonta Jackson, Glendal French, William Shelton, William Cox, James Berry, Angelica Joyner, Kyle Delong, Timothy Newbury, Kelly Renzi, Michelle Howell, Melvin Hinton (the State defendants) and Dr. John Sokol. In response to both Sokol and the State defendants' motions to dismiss, the circuit court dismissed Talley's complaint. The court further denied Talley's motion for default judgment and his motion for change of venue. He appeals, arguing the court erred in entering its order. We disagree and affirm, concluding Talley has failed to present a sufficiently complete record for review on appeal.

¶ 3                                I. BACKGROUND

¶ 4          In October 2020, Talley filed a *pro se* two-count "class action" complaint on behalf of "all inmates with serious mental illness who are now or will be incarcerated at Pontiac, C.C., South Mental Health Psychiatric Unit and at Pontiac Correctional Center." He alleged that Pontiac Correctional Center's response to the COVID-19 pandemic resulted in violations of his state and federal constitutional rights because, *inter alia*, he was denied access to television, radio, iPads, and commissary foods. Count I alleged violations of "First Amendment rights under 42 U.S.C. § 1983, [and] 14th Amend [*sic*]; State law breach of duties, State law equal protection [and] equal treatment, State law negligence, conspiracy and retaliation." Count II asserted violations of "Eighth Amendment rights under 42 U.S.C. § 1983 and Fourteenth Amendment rights under Due Process and Equal Protection clauses; State law breach of duties, State law negligence, State law conspiracy and retaliation as well as First Amendment rights under such." Talley further alleged violations of the Americans with Disabilities Act (42 U.S.C. § 12131 *et. seq.* (2018)) and the Rehabilitation Act (29 U.S.C. § 794 (2018)).

¶ 5          In January 2021, the State defendants and Sokol filed motions to dismiss under sections 2-603, 2-615, and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-603, 2-615, 2-619 (West 2020)). The State defendants asserted that the complaint failed to comply with section 2-603 of the Code of Civil Procedure (735 ILCS 5/2-603 (West 2020)) because the two counts included multiple causes of action. Additionally, the State defendants and Sokol argued Talley had failed to exhaust administrative remedies and the complaint failed to state a cause of action under the theories alleged.

¶ 6          On January 28, 2021, Talley filed a motion for default judgment against the State defendants, alleging they failed to file a timely answer to the complaint. Talley subsequently

filed an amended motion for default judgment on February 8, 2021. In response, the State defendants noted they filed a motion requesting a 45-day extension of time to plead. Therefore, the State defendants argued, their new deadline to file an answer to the complaint was January 28, 2021. The State defendants further indicated they filed a timely answer to the complaint with their motion to dismiss on January 19, 2021.

¶ 7        Talley then filed a motion "to stay filing a response to [the State] defendants['] *** motion to dismiss." In the motion, he argued his pending motion for default judgment "could dispose of the case in its entirety." As such, a response to the State defendants' motion to dismiss would be unnecessary.

¶ 8        A hearing was scheduled for May 3, 2021, on all "outstanding motions." However, a docket entry indicates that Talley did not appear and may not have received notice of the hearing. The matter was rescheduled for July 6, 2021. On that date, although Talley was present via telephone, the sound quality from the prison telephone was "inaudible" and the case was continued by agreement.

¶ 9        Talley filed a motion for change of venue on August 6, 2021, wherein he alleged that he would not receive a fair trial in Sangamon County because "the inhabitants of the County are prejudiced against prisoners and defendants." Talley further reasoned, "[The] Illinois Department of Corrections has an undue influence over the minds of the inhabitants. Including the Judges."

¶ 10        On August 31, 2021, the circuit court conducted a hearing on "all pending motions" with all parties present. The civil docket sheet indicates the court denied Talley's motion for change of venue and motion for default judgment. The court then granted Sokol's and the State defendants' motions to dismiss Talley's complaint. The docket entry further states "see

written order." However, no written order or transcript of proceedings is contained in the record on appeal.

¶ 11 Talley filed a motion for leave to file a late notice of appeal on October 7, 2021, which this court allowed.

¶ 12 This appeal followed.

¶ 13 II. ANALYSIS

¶ 14 On appeal, Talley argues the circuit court erred in (1) granting the motions to dismiss his complaint, (2) denying his motion for class certification, (3) denying his motion to represent the class, (4) denying his motion for default judgment, (5) denying his motion for change of venue, and (6) failing to conduct a case management conference within the time required by Illinois Supreme Court Rule 218 (eff. July 1, 2014).

¶ 15 A. *Foutch v. O'Bryant*

¶ 16 As an initial matter, we note our ability to review this appeal is critically hampered by the lack of a transcript from the August 31, 2021, hearing and accompanying written order as indicated by the civil docket sheet. While Illinois Supreme Court Rule 323 (eff. July 1, 2017) authorizes an appellant to supplement the record with either a bystander's report or an agreed statement of facts, Talley has failed to do either. Talley, as the appellant, has the burden to present this court with a sufficiently complete record on appeal.

¶ 17 The supreme court has long held that to support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In fact, "[f]rom the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant." *Foutch*, 99 Ill. 2d at 391. Where the issue on appeal relates to the

- 4 -

conduct of a hearing or proceeding, the issue is not subject to review absent a report or record of the proceeding. Instead, absent a record, "it [is] presumed that the order entered by the trial court [is] in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392. See *Webster v. Hartman*, 195 Ill. 2d 426, 433–34 (2001) (supreme court reaffirming its holding in *Foutch*).

¶ 18 In this case, Talley has failed to present a sufficiently complete record to support his claims of error. The docket entry dated August 31, 2021, does not state specific grounds for the circuit court's decision. As such, all we know of the August 31, 2021, hearing, is that (1) the parties were present, (2) the cause was called for "hearing on all pending motions," and (3) the court (a) denied Talley's motions for change of venue and for default judgment, (b) granted the motion to dismiss, and (c) directed the parties to see its written order. We do not know what arguments were presented at the hearing, nor do we know the basis for the court's decision. Therefore, we must presume the court's order was entered in conformity with the law and had a sufficient factual basis.

¶ 19 In sum, Talley has denied this court the opportunity to review the grounds for his allegation by failing to include in the record on appeal the circuit court's written order or a transcript of the hearing during which argument was presented to the court. Accordingly, we conclude the court did not err by (1) denying Talley's motion for change of venue, (2) denying Talley's motion for default judgment, and (3) granting the motions to dismiss. Because the court did not err by granting the motions to dismiss Talley's class action complaint, the court also properly denied Talley's accompanying motion for class certification and his motion to represent the class.

¶ 20 B. Case Management Conference

¶ 21        Talley next argues the circuit court abused its discretion in failing to hold a case management conference within 182 days as required by Rule 218. According to Talley, the court's failure to hold a timely case management conference rendered its subsequent orders void. The State defendants and Sokol maintain Talley suffered no prejudice from the delay because "other pretrial proceedings were already underway."

¶ 22        Rule 218 provides, in relevant part, "Except as provided by local circuit court rule *** the court shall hold a case management conference within 35 days after the parties are at issue and in no event more than 182 days following the filing of the complaint." Ill. S. Ct. R. 218 (eff. Feb. 2, 2023).

¶ 23        "Forfeiture applies when an issue is not raised in a timely manner." *Enbridge Pipeline, LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶ 38. "Issues not raised before the trial court are deemed forfeited and may not be raised for the first time on appeal." *Hoke*, 2019 IL App (4th) 150544-B, ¶ 38. Here, Talley does not point to any objections he raised before the trial court demanding a case management conference. Accordingly, we conclude that he has forfeited this claim.

¶ 24                               C. Motion To Stay Filing

¶ 25        Talley also argues, for the first time in this case, that the trial court erred by denying his motion "to stay filing a response to *** defendants['] motion to dismiss." In the motion, Talley argued there was a pending motion for default judgment against defendants that "could dispose of the case in its entirety."

¶ 26        On August 31, 2021, the trial court conducted a "hearing on all pending motions." Once again, we note Talley's failure to include in the record on appeal the court's written order or a transcript of that proceeding. We noted earlier that Talley, as the appellant, has the burden to

present a sufficiently complete record on appeal. *Foutch*, 99 Ill. 2d at 391-92. Without a transcript of those proceedings or a written order reflecting the court's findings, we presume the orders entered by the court were in conformity with law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 391.

¶ 27                                    D. Talley's Abuse of the Court System

¶ 28         Talley is an inmate in the Illinois Department of Corrections (DOC). In 2008, the Cook County circuit court sentenced him to 34 years in prison for his conviction of armed robbery while armed with a firearm. Talley's current incarceration is at least his third separate prison sentence in Illinois. His first was in 1993, when he received a two-year prison sentence for unlawful possession of controlled substances. (We note that courts can take judicial notice of DOC records. *People v. Peterson*, 372 Ill. App. 3d 1010, 1019, 868 N.E.2d 329, 336 (2007).) In 1994, he was sentenced to 14 years in prison on each of five separate aggravated robbery convictions, with the sentences to be served concurrently. In 2006, he was sentenced to two years in prison on his conviction for retail theft greater than $150.

¶ 29         For the past several years, Talley has been unhappy about the conditions of his confinement and has repeatedly filed civil lawsuits against various DOC personnel. His complaints generally concerned claims that (1) he was being unfairly treated by DOC staff regarding prison disciplinary proceedings, (2) the food was bad, and (3) his complaints to DOC were not being properly addressed or promptly heard, etc.

¶ 30         The trial court over the years has made various rulings, all of which denied the relief Talley was requesting, only to have Talley file multiple motions to reconsider the court's orders or to file new civil suits. The following is a listing of the case numbers of frivolous appeals he has brought to this court just since 2018:

- 4-18-0392

- 4-19-0855

- 4-19-0856

- 4-19-0857

- 4-20-0125

- 4-20-0126

- 4-20-0127

- 4-20-0128

- 4-20-0129

- 4-21-0607

- 4-22-1048

- 4-22-1050

¶ 31        As noted, Talley has filed in the trial court numerous repetitive and futile petitions, motions, and other miscellaneous pleadings. Neither the trial court nor this court has ever found any merit in any of his claims. Talley's continuing abuse of the court system has squandered judicial resources. Without some consequence for Talley's habitual frivolous filings, we believe his abuse of the trial and appellate courts will continue. Accordingly, this court has decided to take the following actions.

¶ 32        As we have done in the past with other "frequent filers", we order Talley to, "show cause within 30 days why sanctions should not be entered against him under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) for filing a frivolous appeal. Until such time as (1) [Talley] responds to this order and (2) this court determines what action to take, we direct the clerk of this court to disregard—and

by that we mean not file—any new appeals submitted to this court by [Talley]"
*People v. Alexander*, 2014 IL App (4th) 130132, ¶ 59.

¶ 33                                    III. CONCLUSION

¶ 34        For the reasons stated, we affirm the trial court's judgment and order Talley to show cause within 30 days as to why sanctions should not be entered against him pursuant to Rule 375(b).

¶ 35        Affirmed.