THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY THOMAS BRAY, Defendant-Appellant.

Fourth District   Nos. 4—88—0667, 4—88—0668 cons.

Opinion filed July 27, 1989.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, Gwendolyn W. Klingler, and Neil Flynn, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Two causes have been consolidated on appeal as they involve the same defendant and the same issue. In both causes, defendant was serving a sentence of probation following a negotiated plea of guilty. The State filed petitions to revoke probation, and defendant admitted the allegations in the petitions. The circuit court of McLean County revoked defendant's probation in each cause, and sentenced defendant to concurrent terms of five years' imprisonment in the Department of Corrections. Defendant appeals.

The sole issue raised in this appeal is whether the five-year sentence was improper, as it violated the terms of defendant's plea agreements. The pertinent facts follow.

The complaint in cause No. 84—CF—18 was filed on January 24, 1984, and charged defendant with commission of a burglary. (Ill. Rev. Stat. 1983, ch. 38, par. 19—1.) Defendant negotiated a plea agreement in which he would plead guilty to the burglary charge and, in return, the State would nol-pros a pending charge of delivery of a controlled substance and other misdemeanor alcohol-related offenses. The agreement provided for a maximum sentence of three years' imprisonment in the Department of Corrections. However, defendant was free to seek a lesser sentence.

At the hearing on the plea agreement, the court told defendant that the statutory penalty for burglary, a Class 2 felony, is three to seven years' imprisonment. Thus, the agreement limited the court to imposing the minimum possible term of imprisonment should the court so decide. The court asked defendant if he would be requesting probation. Upon hearing defendant's affirmative answer, the court gave the following explanation:

> "THE COURT: Okay. If I were to sentence you to probation instead of sentencing you to the penitentiary, and you were to violate the terms of your probation and your probation got revoked, then you could be sent to the penitentiary. Not only could you be sent to the penitentiary for three years, you could be sent for all the way up to seven, because if you break the agreement by not—or if you break the rules and conditions as

imposed upon you by the Court, then this plea agreement doesn't mean anything after that point. Do you understand that?

DEFENDANT BRAY: Yes, sir."

The court accepted defendant's plea and, eventually, sentenced defendant to a term of 48 months' probation, which included in its terms the payment of restitution. Also, defendant was ordered to serve six months of periodic imprisonment, but the mittimus was stayed on this portion of his sentence.

The first petition for revocation against defendant was filed on October 2, 1984, for failure to make restitution and failure to report to his probation officer. Defendant admitted to the allegations in this petition. The court continued defendant's probation, but ordered defendant to serve 270 days' straight time in the McLean County jail. One hundred eighty days represented the previously stayed sentence of periodic imprisonment, and the remaining 90 days were for contempt of court.

The next petition for revocation was filed on February 24, 1987, for driving while intoxicated and driving with a blood-alcohol concentration greater than 0.10. Later, in July 1987, a supplemental petition to revoke probation was filed as a result of the complaint being filed in cause No. 87—CF—133. Cause No. 87—CF—133 is the second cause in this consolidated appeal, and it consisted of an aggravated battery charge.

Defendant appeared in court with a negotiated plea agreement. Defendant agreed to plead guilty to aggravated battery in cause No. 87—CF—133 and to admit to the allegations in the petition to revoke and the supplemental petition to revoke in cause No. 84—CF—18. In return, the State agreed to nol-pros the pending alcohol-related offenses. The agreement again provided a maximum sentence of three years' imprisonment in the Department of Corrections. Again, defendant was allowed to seek a lesser sentence. The plea agreement was accepted by the court. The court gave no special admonishments concerning probation in accepting defendant's plea of guilty and his admissions to the allegations in the petitions to revoke. On October 9, 1987, defendant was sentenced to a term of 30 months' intensive probation, with no credit for time served on the previous sentence of probation. In addition, defendant was ordered to serve six months of periodic imprisonment. This sentence was imposed in both causes and ordered to be served concurrently.

On January 5, 1988, a petition for revocation of probation was filed in each cause. The proceedings discussed below pertain to both

causes for which defendant was serving probation. For convenience, we will discuss them as one. The petition alleged defendant had reported to the county jail from work release in an intoxicated state. At a hearing on April 4, 1988, defendant appeared and admitted to the allegation in the petition. Several times during this hearing, the parties noted that defendant was admitting the allegation without any return promise as to a sentence by the State. The court admonished defendant concerning the statutory range of sentences for burglary and aggravated battery. During the admonitions, the court stated:

"THE COURT: It's been indicated there have been no promises or agreements as to any particular disposition on this petition to revoke in each of these cases, Mr. Bray; so that means the Court could impose any disposition authorized by law including revocation of your current sentence of probation and imposing the maximum amount of penitentiary imprisonment authorized by law for each offense. Do you understand that?

MR. BRAY: Yes, I understand that, Your Honor."

The court accepted defendant's admission to the allegation. The court specifically found that no agreement had been made as to a disposition for defendant. Prior to the sentencing hearing, a supplemental petition was filed alleging defendant had committed the following offenses: driving while intoxicated, driving while license revoked, disobeying a stop sign, and fleeing and attempting to elude a police officer. An adversary hearing was held on this petition, and the court found the allegations in the petition proved.

The dispositional hearing was held on August 8, 1988. The court revoked defendant's probation and sentenced defendant to a term of five years' imprisonment in the Department of Corrections. Defendant was not given credit for time served on probation, but he was given credit for time served in custody. This sentence was imposed in both causes, and the sentences were to be served concurrently.

Defendant argues the five-year term was improper because defendant had agreed to a maximum penitentiary sentence of three years in his most recent plea agreement. The plea agreement involved herein was an agreement covering both causes. In cause No. 87—CF—133, the aggravated battery charge, defendant agreed to plead guilty to the original offense. This he did at a hearing on August 25, 1987. The second part of the agreement was that defendant would admit to the allegations in a petition to revoke and a supplemental petition to revoke in cause No. 84—CF—18. The State had agreed to a maximum term of imprisonment of three years, and the agreement stated that defendant was free to seek a lesser sentence. In fact, defendant did

receive a lesser sentence. He was sentenced to concurrent terms of 30 months' intensive probation, which included a 6-month term of periodic imprisonment. Defendant argues the three-year maximum sentence in the plea agreement was still binding on the court for any further sentence imposed as a result of a revocation of probation. We disagree.

■ Although the court accepted the plea agreement, the court admonished defendant of the statutory range of sentences for the offenses involved. The court was free to resentence defendant to any permissible sentence should he fail to abide by the terms of probation.

■ Defendant argues that under the facts of this case, he was led to believe any penitentiary sentence would be limited to three years. Therefore, defendant continues, it was unfair for him to receive a sentence higher than he expected. However, the record does not support defendant's assertion. At defendant's original guilty plea hearing in cause No. 84—CF—18, the court clearly warned defendant that any violation of probation nullified the terms of the plea agreement. Further, at the hearing in which defendant admitted to the allegations in the petition to revoke filed January 5, 1988, the court clarified the fact that no promises had been made regarding a disposition. The court explained that it was free to impose the maximum amount of penitentiary imprisonment authorized by statute. Defendant acknowledged this was true. There is no indication in the record that defendant believed otherwise. We find the record supports the fact that defendant understood he was at risk of a longer term of imprisonment than just three years should he violate his probation. We hold the court did not abuse its discretion in sentencing defendant to concurrent five-year terms of imprisonment.

For the reasons stated above, the order of the circuit court of McLean County is affirmed.

Affirmed.

KNECHT and SPITZ, JJ., concur.