NO. 4-05-1021     Filed 4/13/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Vermilion County |
| CASSIE LANDERS, | ) | Nos. 02CF582 |
|     Defendant-Appellant. | ) | 04CF100 |
| | ) | |
| | ) | Honorable |
| | ) | Thomas J. Fahey, |
| | ) | Judge Presiding. |

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant, Cassie Landers, was sentenced to 42 months' imprisonment in the Illinois Department of Corrections (DOC) following the revocation of her probation (case No. 04-CF-100). She appeals her sentence, arguing the trial court erred in sentencing her to a longer sentence than that to which she agreed in her guilty plea. For the reasons that follow, we affirm.

On February 24, 2004, defendant was charged by information with possession of a controlled substance. 720 ILCS 570/402(c) (West 2004). On March 7, 2005, defendant entered a plea of guilty in exchange for a maximum sentence of three years' imprisonment. After asking a series of questions, the trial court found defendant was competently and voluntarily entering a plea of guilty. The court then admonished defendant, in pertinent part, as follows:

"THE COURT: You're pleading to a Class 4

felony. If you were to go trial [sic] on this case and you were convicted, you could be sentenced to a determinate term of incarceration in the Illinois Department of Corrections of one to three years. You may be eligible for extended term. This is based upon prior criminal activity.

[ASSISTANT STATE'S ATTORNEY]: She is.

THE COURT: If this were so, the maximums would double. So rather than looking at a one to three, you could be looking at one to six. If you were ever sentenced to the Department of Corrections, upon your release you'd be subject to one year mandatory supervised release or parole."

Defendant announced twice in open court that she understood the possible penalties a Class 4 felony could carry. In addition, defendant stated she understood the rights she would relinquish by pleading guilty. After hearing a factual basis for the crime, the court accepted defendant's guilty plea and scheduled a sentencing date.

On April 21, 2005, defendant was sentenced to 30 months' probation to run concurrent with the probation period ordered in case No. 02-CF-582. On July 22, 2005, the State filed

- 2 -

a petition to revoke probation. On August 24, 2005, the State filed an amended petition to revoke probation, alleging (1) defendant failed to report to her probation officer on June 30, 2005; (2) defendant failed to remain at the probation office as directed to submit to a drug screen on June 21, 2005; (3) defendant left the probation office on August 19, 2005, without submitting to a drug screen; and (4) defendant failed to report to the probation office on August 23, 2005, for a drug screen.

On September 23, 2005, a hearing was held on the State's amended petition to revoke probation. After hearing evidence, the trial court found the State met its burden of proof on three of its allegations. On October 28, 2005, a combined sentencing hearing was held in case Nos. 02-CF-582 and 04-CF-100, each the result of revocation of defendant's probation. The court resentenced defendant to 42 months' imprisonment in DOC in No. 04-CF-100 with credit for 49 days served, to be served consecutively to the sentence imposed in No. 02-CF-582, 35 months' imprisonment in DOC with credit for 67 days served. On November 16, 2005, defendant filed a motion to reconsider sentence, arguing the sentence imposed was excessive. On November 23, 2005, after a hearing, the trial court denied defendant's motion, and defendant appealed.

On appeal, defendant argues the trial court lacked the authority to resentence her to 42 months' imprisonment because

defendant's original plea agreement was made in consideration of a sentence of no more than three years' imprisonment. Defendant acknowledges this issue was not raised by contemporaneous objection or in a postsentencing motion. Nevertheless, defendant asks this court to review her challenge under the plain-error doctrine. Because we find no error in the trial court's sentence, we decline to do so. See People v. Wade, 131 Ill. 2d 370, 376, 546 N.E.2d 553, 555 (1989) (stating, "[b]efore invoking the plain error exception, it is appropriate to determine whether error occurred at all").

In People v. Bray, 186 Ill. App. 3d 394, 398, 542 N.E.2d 512, 514-15 (1989), the defendant argued the three-year maximum sentence in his plea agreement was still binding on the court for any further sentence imposed as a result of a revocation of probation. In finding the trial court did not abuse its discretion in sentencing defendant to five years' imprisonment following the revocation of his probation, this court stated, "[a]lthough the court accepted the plea agreement, the court admonished defendant of the statutory range of sentences for the offenses involved. The court was free to resentence defendant to any permissible sentence should he fail to abide by the terms of probation." Bray, 186 Ill. App. 3d at 398, 542 N.E.2d at 515.

In People v. Johns, 229 Ill. App. 3d 740, 740, 593

N.E.2d 594, 595 (1992), the defendant argued the trial court abused its discretion in resentencing him to six years' imprisonment following the revocation of his probation, a term longer than that he originally agreed upon in his plea agreement. This court rejected the defendant's argument but nevertheless found the trial court erred in resentencing defendant. <u>Johns</u>, 229 Ill. App. 3d at 740-41, 593 N.E.2d at 595. In remanding the case for resentencing, this court noted the defendant was not informed of the maximum penalty he could receive prior to the court's acceptance of his guilty plea in violation of Supreme Court Rule 402 (177 Ill. 2d R. 402). <u>Johns</u>, 229 Ill. App. 3d at 743, 593 N.E.2d at 596.

In the case at bar, defendant was admonished during her guilty-plea hearing that the maximum penalty for a Class 4 felony was one to three years' imprisonment. She was also admonished that an extended-term penalty would range from one to six years' imprisonment. Defendant twice acknowledged she understood the penalties involved. Defendant cannot now argue she did not receive the benefit of her bargain when she herself failed to live up to her end of that bargain. The trial court did not abuse its discretion in resentencing defendant.

For the foregoing reasons, we affirm the trial court's judgment. As part of our judgment, we grant the State its request that defendant be assessed $50 as costs for this appeal.

Affirmed.

COOK and TURNER, JJ., concur.