2019 IL App (4th) 170614

NO. 4-17-0614

FILED
July 17, 2019
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| ESMERALDA PINA, | ) | No. 13CF233 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Turner and Cavanagh concurred in the judgment and opinion.

**OPINION**

¶ 1       Defendant, Esmeralda Pina, pleaded guilty to unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2012)), and the trial court sentenced her to 30 months' probation. The court later revoked defendant's probation and resentenced her to five years in prison. Defendant appeals, arguing (1) the court imposed an excessive sentence and (2) her probation-revocation counsel was ineffective for not objecting to the State's failure to cap its sentencing recommendation at three years as it had agreed to do in connection with defendant's original plea agreement. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3       In September 2013, the State charged defendant with three counts of unlawful delivery of a controlled substance (*id.* § 401(c)(2), (d)(i)). In January 2016, defendant pleaded

guilty to one count of that offense in exchange for the State's dismissal of the two remaining counts and its agreement to cap its sentencing recommendation at three years' imprisonment. At the plea agreement hearing, the State presented its factual basis, asserting that, if the matter proceeded to trial, it would present evidence showing defendant sold a gram of cocaine to a confidential police informant during a controlled drug buy. Defendant's counsel asserted he had no objection to the State's factual basis but noted that the lab weight of the controlled substance at issue "was [0].70 grams." The trial court accepted defendant's guilty plea.

¶ 4        In March 2016, the trial court conducted defendant's sentencing hearing. Defendant's presentence investigation report was submitted to the court. It showed that defendant was 44 years old, and aside from a 1998 misdemeanor conviction for disorderly conduct, she had no criminal history. Regarding defendant's history of substance abuse, the report stated defendant initially reported that she first used cocaine in 2001 and last used on the date of her arrest for the underlying charges in September 2013. According to defendant, she had been using two times a week. When asked to submit to a drug test, defendant behaved suspiciously and failed to follow directions. Subsequently, the author of the report learned that defendant provided different information about her cocaine use during a February 2016 substance abuse evaluation. Specifically, during her evaluation, defendant reported using cocaine three to six times a day from 2011 to her arrest in 2013 and that she last used cocaine in October 2015. When confronted with the discrepancies in her reports, defendant asserted that she did not remember what answers she gave during her substance abuse evaluation but admitted using cocaine as recently as February 2016.

¶ 5        The State presented no further evidence and recommended that the trial court

impose a three-year prison sentence. Defendant's evidence included letters from various individuals that described good character. Her counsel then asked that the court impose a sentence of probation. Ultimately, the court sentenced defendant to 30 months' probation and 180 days in jail. The court ordered that defendant would receive credit for 2 days served and that 164 days of her jail sentence would be stayed.

¶ 6            In September 2016, the State filed a petition to revoke defendant's probation. It alleged defendant violated her probation by either using or testing positive for cocaine on May 29, June 2, June 6, June 9, June 16, June 17, June 18, July 4, and September 30, 2016. In October 2016, the State filed a supplemental petition to revoke defendant's probation, alleging defendant violated her probation by testing positive for cocaine on five additional instances in October 2016, failing to report to her probation officer on October 17, 2016, and failing to comply with drug treatment recommendations. Following a hearing on the matter, the trial court ordered that defendant serve her previously stayed jail sentence of 164 days. While incarcerated, defendant was furloughed to participate in a residential substance abuse treatment program. She completed that program and was returned to the jail to complete her sentence. In December 2016, the State moved to withdraw its petitions to revoke defendant's probation. The court granted the motion, and defendant remained on probation.

¶ 7            In April 2017, the State filed a third petition to revoke. It alleged defendant violated the terms of her probation by failing to report to her probation officer on two occasions in April 2017, by using cocaine on four occasions in March and April 2017, and because her "whereabouts [were] unknown." In May 2017, defendant admitted the State's allegations, and the trial court set the matter for resentencing.

¶ 8         In June 2017, the State filed a fourth petition to revoke defendant's probation. It alleged defendant failed to report to the probation department on two occasions in May 2017 and that she used cocaine on or about May 20, May 29, and June 5, 2017. Following a hearing that same month, the trial court found the State proved the allegations in its fourth petition by a preponderance of the evidence.

¶ 9         In July 2017, the trial court conducted defendant's resentencing hearing. The court noted it had received a presentence investigation report filed on June 28, 2017. The report contained much of the same information as in defendant's first presentence investigation report. It also detailed what occurred in her case following her original sentencing and contained the following information regarding defendant's cocaine use and conduct while on probation:

> "There has not been any significant period of time throughout [defendant's] Probation in which she was not using cocaine, with the exception of when she was in residential treatment or incarcerated. [Defendant] was sentenced to Probation on 03-29-16. She began using cocaine again on 05-07-16. She continued using cocaine until entering residential treatment in July of 2016. She was released from treatment on 08-16-16. She tested positive and was arrested on 09-30-2016. She bonded out of jail that same day and continued to use cocaine while out on bond until [the stay was lifted on her 164-day jail sentence] on 10-20-2016. She was released from jail on 01-28-2017. She used cocaine on 03-13-2017. She has used cocaine regularly since while *** the current [petitions to revoke were pending].
>
>         ***

- 4 -

What is most concerning is *** defendant's increase of use in the most recent months while facing resentencing. *** It should be brought to the Court's attention *** the extent in which *** defendant is using. The following are a few tests in which to take note:

04-12-17—level of 4072 ng/mL

05-31-17—level of 4387 ng/mL

06-05-17—level over 5000 ng/mL

06-19-17—level over 5000 ng/mL

The range per TASC Lab is 150 ng/mL on the low end with 5000 ng/mL being the highest. The lab cannot give an accurate level because the amount of cocaine in her system is just that high. It was suggested that [defendant] seek detox or in-patient care and [defendant] said she has done residential before and did not want to go back."

¶ 10       At resentencing, the author of defendant's presentence investigation report further asserted that defendant continued to test positive for cocaine, both in the days immediately prior to her resentencing hearing and on the day of the hearing. The State then represented that it had no further evidence to present and recommended that the trial court sentence defendant to five years in prison "based on the severity of the offense" and "defendant's history." It argued that defendant had been given "every opportunity to stay out of prison" and address her substance abuse issues. Instead, defendant continued to use cocaine and was essentially "committing a new felony" with each additional possession and use.

¶ 11       Defendant also presented no further evidence at the hearing. Her counsel asked

- 5 -

the trial court to impose another sentence of probation so that defendant could receive residential treatment. Counsel argued that defendant was not a violent offender, had not caused harm to others, and that she suffered from addiction issues. Defendant made a statement in allocution, wherein she acknowledged that she "made some bad choices" and stated she "want[ed] a second chance."

¶ 12 Ultimately, the trial court revoked defendant's probation and sentenced her to five years in prison. The court stated it was "mindful" of relevant mitigating factors in the case— which it noted resulted in defendant's original sentence of probation—as well as the fact that defendant was being sentenced for delivery of a controlled substance rather than possession of a controlled substance. It noted that offenses involving delivery were more serious than those involving "mere possession," in that delivery offenses "contribute[d] to the problem in the community" and were subject to more severe penalties. The court further found that defendant had not only previously failed to comply with the requirements of her probation, she essentially "thumbed [her] nose at the Court's orders." It concluded that a term of probation would "deprecate [*sic*] the serious nature of the charges" and noted that because defendant was eligible for 50% good time credit and would receive credit for days she previously served in jail, she would "probably" serve only "about a year-and-a-half" of a five-year prison sentence.

¶ 13 Shortly following her resentencing, defendant filed a motion to reconsider her five-year sentence. She argued the trial court failed to consider all relevant mitigation factors, the imposed sentence was excessive, the sentence was unduly harsh and punitive given her display of remorse, and the court failed to adequately consider the cost of imprisonment. In August 2017, the trial court denied defendant's motion.

¶ 14	On August 23, 2017, defendant filed her notice of appeal, and the Office of the State Appellate Defender (OSAD) for the Fourth District was appointed to represent her. Defendant's appeal remained pending for over a year and a half with no briefs being filed. In March 2019, it was then transferred to OSAD's First District office. Approximately one month later, OSAD, First District, filed a series of motions, including a motion for summary remand, a motion to admit defendant to bail and stay imprisonment pending appeal, and a motion to expedite the briefing schedule. It alleged that it had identified issues in defendant's case that required a reduction in her sentence or remand for resentencing and that the sentencing issues it identified would not otherwise be addressed before defendant was set to be released from prison on August 23, 2019. This court allowed the motion to expedite the briefing schedule but denied the remaining motions.

¶ 15	II. ANALYSIS

¶ 16	On appeal, defendant argues the five-year prison sentence imposed by the trial court was excessive given the many factors in mitigation that applied to her case and because the court improperly punished her for her conduct while on probation. She also argues that the State improperly failed to cap its resentencing recommendation at three years and her probation-revocation counsel was ineffective for not raising that issue with the court.

¶ 17	A. Excessive Sentence

¶ 18	"The Illinois Constitution provides penalties are to be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." *People v. Daly*, 2014 IL App (4th) 140624, ¶ 26, 21 N.E.3d 810 (citing Ill. Const. 1970, art. I, § 11). "This constitutional mandate calls for balancing the retributive and

rehabilitative purposes of punishment, and the process requires careful consideration of all factors in aggravation and mitigation." *Id.*

¶ 19 "The trial court has broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference." *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1066 (2010). "The *** court must base its sentencing determination on the particular circumstances of each case, considering such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). It is also required to consider statutory factors in mitigation and aggravation; however, "the court need not recite and assign a value to each factor it has considered." *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38, 92 N.E.3d 494. "[I]f mitigating evidence is presented at the sentencing hearing, this court presumes that the trial court took that evidence into consideration, absent some contrary evidence." *People v. Shaw*, 351 Ill. App. 3d 1087, 1093, 815 N.E.2d 469, 474 (2004).

¶ 20 On review, the sentence imposed by the trial court will not be reversed absent an abuse of discretion. *McGuire*, 2017 IL App (4th) 150695, ¶ 38. A sentence within statutory limits will not be deemed excessive and an abuse of the court's discretion unless it is "greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." *Fern*, 189 Ill. 2d at 54; *Alexander*, 239 Ill. 2d at 212.

¶ 21 Here, defendant was convicted of a Class 2 felony offense. As a result, she was subject to a sentencing range of three to seven years in prison. 730 ILCS 5/5-4.5-35(a) (West 2016).

¶ 22 Defendant first challenges the five-year sentence imposed by the trial court on the

basis that the court gave insufficient weight to, or failed to consider, relevant mitigating factors and the goal of rehabilitation. We disagree.

¶ 23    When imposing defendant's five-year sentence, the trial court explicitly stated that there were "many mitigating factors" in the case of which it was "very mindful." It further noted that such evidence had formed the basis for defendant's original sentence of probation. As stated, the court was not required to recite or assign weight to the factors it considered. Thus, to the extent defendant argues the court "fail[ed] to consider the relevant mitigating factors," we find that the court's explicit comments demonstrate otherwise.

¶ 24    The record also does not support a finding that the trial court failed to consider defendant's rehabilitative potential. Evidence showed defendant was in a much different position at resentencing than when she was originally sentenced. Specifically, she had performed poorly on probation, regularly using and testing positive for cocaine even up to the date of resentencing. Defendant's conduct on probation reflected negatively on her rehabilitative potential. The court's comments show that it made such a finding. Specifically, the court noted that efforts to rehabilitate defendant while on probation failed and there were no more resources "available through probation that would help restore [defendant] at this time in her life to a productive, contributing member of society who is not engaged in illegal activity."

¶ 25    With respect to defendant's assertion that the trial court gave insufficient weight to mitigating factors and her rehabilitative potential, we note that, on review, this court should not substitute its judgment for that of the trial court. *People v. Lawson*, 2018 IL App (4th) 170105, ¶ 28, 102 N.E.3d 761. Also, "a defendant's rehabilitative potential and other mitigating factors are not entitled to greater weight than the seriousness of the offense." *Shaw*, 351 Ill. App.

3d at 1093-94. Here, although the record contains mitigating evidence, the court's comments reflect that it ultimately gave more weight to other factors on resentencing. In this case, defendant's conduct on probation was indicative of a poor rehabilitative potential, and this sentencing factor did not weigh in her favor.

¶ 26 Additionally, the record shows that the court gave consideration to defendant's potential for sentence credit, finding she would likely serve much less prison time than the five-year sentence it was imposing. "[G]ood-time credit available to a defendant is a permissible consideration in sentencing." *People v. Smith*, 148 Ill. App. 3d 655, 657, 499 N.E.2d 1038, 1039 (1986). Here, the court's prediction that defendant would serve substantially less than five years was apparently accurate as defendant was resentenced in July 2017, and she asserts on appeal that she is due to be released from prison in August 2019.

¶ 27 Given the evidence presented, we find no abuse of discretion by the trial court in the manner in which it weighed the evidence at the resentencing hearing. As indicated, it is not the function of this court to reweigh the evidence, and we decline defendant's invitation to do so in this case.

¶ 28 As stated, defendant also contends on appeal that the sentence imposed was excessive because the trial court improperly punished her for her conduct while on probation rather than for only the underlying offense. She acknowledges that this specific argument was not raised in her motion to reconsider her sentence but maintains her forfeiture of the issue may be excused by application of the plain-error doctrine.

¶ 29 "[T]o preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Harvey*, 2018 IL

122325, ¶ 15, 115 N.E.3d 172. However, forfeited claims may be addressed under the plain-error doctrine in the following two circumstances:

> "(1) where a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error and (2) where a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *Id.*

"The initial step under either prong of the plain-error doctrine is to determine whether the claim presented on review actually amounts to a 'clear or obvious error' at all." *Id.*

¶ 30        In this case, we find no clear or obvious error. Upon revocation of a defendant's probation, the trial court resentences the defendant "to a disposition that would have been appropriate for the original offense." *People v. Palmer*, 352 Ill. App. 3d 891, 895, 817 N.E.2d 137, 140 (2004). "Although the sentence imposed after revocation of probation may not constitute punishment for conduct which was the basis of revocation, the defendant's conduct on probation is to be considered by the trial court in assessing the defendant's potential for rehabilitation ***." *People v. Turner*, 233 Ill. App. 3d 449, 456, 599 N.E.2d 104, 110 (1992). "[I]t is appropriate for a defendant who conducts himself poorly while on probation to receive a more severe sentence than he originally received." *Palmer*, 352 Ill. App. 3d at 895. Also, "a sentence imposed after probation is revoked may differ from the sentence which could have been imposed had probation not been granted." *Turner*, 233 Ill. App. 3d at 456.

¶ 31        Here, although the trial court clearly considered defendant's conduct while on

- 11 -

probation when imposing her sentence, this was not an improper factor for consideration. Rather, it was entirely appropriate for the court to comment on and consider defendant's actions on probation as it related to her rehabilitative potential.

¶ 32 Further, we disagree with defendant's assertion that the trial court "explicitly said that [it] was punishing [defendant] for her conduct while on probation." To support her contention, defendant cites comments the court made regarding defendant's 180-day jail sentence. However, when taken in context and not read in isolation, these comments actually show that the court was responding to, and rejecting, arguments made by defense counsel. Specifically, counsel argued as follows at the resentencing hearing:

> "And the situation here is a person, I would argue, is not one that we need to give up on ***. And probation has worked with her. And the recommendations of probation is [*sic*], well, we have to either cut her loose with unsuccessful discharge, or send her to prison. But I would argue that continued supervision, continuing [to] work with her until maybe we are at a stage where we can do something else with the Court would be most appropriate."

When imposing defendant's sentence, the court then commented as follows:

> "I think the best way to sum, you know, this case up is in the [presentence investigation report] when the officer indicates in her summary that until *** defendant truly wants to change and live a sober life, probation cannot force her to want a better life for herself. That is where we are at. If I am dealing with a mere possession case, I don't know what the outcome would be. But here I am dealing with a delivery case. And is it okay to just say we tried, and there is going

- 12 -

to be no further punishment associated with this defendant. I don't think so. I don't think 180 days is a sufficient amount of time for somebody who has not just failed, but almost just thumbed your nose at the Court's orders when you have admitted today violating probation with use."

¶ 33 The trial court's comments show its belief that neither unsuccessfully discharging defendant from probation, nor resentencing her to another term of probation were appropriate resolutions under the circumstances of the case, *i.e.*, circumstances that showed poor rehabilitative potential given defendant's conduct while on probation. They do not reflect an explicit statement by the court that it was punishing defendant for her violations of probation. As set forth above, when a defendant conducts herself poorly on probation, a trial court may appropriately impose a harsher sentence than originally imposed or a different sentence than it would have imposed had probation not been granted. See *Palmer*, 352 Ill. App. 3d at 895; *Turner*, 233 Ill. App. 3d at 456.

¶ 34 On appeal, defendant also argues that the trial court's comments about the serious nature of the delivery-of-a-controlled-substance offense upon resentencing were "questionable" given its characterization of that offense at the original sentencing hearing. In particular, she maintains that the court originally characterized the offense at issue as "petty." Again, we disagree.

¶ 35 At defendant's original sentencing hearing, the trial court commented that it was "not the intent of the General Assembly to treat the unlawful user or occasional petty distributor of controlled substances with the same severity as large scale unlawful purveyors and traffickers of a controlled substance." However, it nevertheless also described the offense to which

defendant pleaded guilty—unlawful delivery of a controlled substance—as "a serious offense." The court noted that the case did not involve "just possession which harms the [d]efendant" but also "delivery which harms other people." These latter comments are substantially the same comments the court made upon resentencing defendant.

¶ 36　　　　The record here shows that the trial court originally sentenced defendant to a term of probation based on her lack of a prior criminal record, evidence showing her delivery of a controlled substance appeared to be an isolated incident, other mitigating evidence, and her rehabilitative potential. At the time of resentencing, however, evidence showed that for over a year, defendant had been continuously noncompliant with the terms of her probation. She was simply not in the same position she was in at the original sentencing hearing, and the court was not required to ignore evidence related to the violations of her probation.

¶ 37　　　　The trial court's comments at resentencing reflect that it considered defendant's conduct on probation as evidence of poor rehabilitative potential. It also addressed that conduct when rejecting defense counsel's argument that defendant should be resentenced to an additional term of probation. The court otherwise clearly acknowledged that defendant was being resentenced for the original, underlying offense. Accordingly, we find no merit to defendant's argument that the five-year sentence imposed by the court was intended to punish her for her conduct on probation rather than for the underlying offense. Because we find no clear and obvious error by the court, defendant's forfeiture of this issue is not excused.

¶ 38　　　　　　　　B. The State's Resentencing Recommendation

¶ 39　　　　On appeal, defendant also argues that she did not receive a fair sentencing hearing because the State breached the negotiated plea agreement. Specifically, defendant points out that

she originally agreed to plead guilty to unlawful delivery of a controlled substance in exchange for the State's agreement to dismiss two other charges against her and to cap its sentencing recommendation at three years. She asserts that although the State complied with the terms of the parties' agreement at the original sentencing hearing, it breached the agreement upon resentencing by recommending a five-year prison term to the trial court.

¶ 40        Again, defendant acknowledges her forfeiture of this sentencing issue by failing to make a contemporaneous objection or raise it in a postsentencing motion. However, she maintains the issue is nevertheless "reviewable" on the basis that her probation-revocation counsel was ineffective for failing to raise the issue.

¶ 41        Ineffective assistance of counsel claims are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Peterson*, 2017 IL 120331, ¶ 79, 106 N.E.3d 944. "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his attorney's representation fell below an objective standard of reasonableness and a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different." *Id.* "A failure by the defendant to satisfy either prong of the *Strickland* standard precludes a finding of ineffective assistance of counsel." *Id.*

¶ 42        Here, defendant cannot establish that her counsel's performance fell below an objective standard of reasonableness because her claim that the State was required to cap its resentencing recommendation at three years has no merit. In *People v. Landers*, 372 Ill. App. 3d 639, 639-40, 867 N.E.2d 1184, 1185 (2007), the defendant pleaded guilty in exchange for a maximum sentence of three years' imprisonment and was sentenced to 30 months' probation. Later, the defendant's probation was revoked, and the trial court resentenced her to 42 months'

imprisonment. *Id.* at 640. The defendant appealed, arguing "the trial court lacked the authority to resentence her to 42 months' imprisonment because [her] original plea agreement was made in consideration of a sentence of no more than three years' imprisonment." *Id.* On review, this court found no abuse of discretion by the trial court in resentencing the defendant. *Id.* at 641. We noted that the defendant had been admonished during her guilty plea hearing regarding the maximum penalty she faced and concluded that she could not "argue she did not receive the benefit of her bargain when she herself failed to live up to her end of that bargain." *Id.*; see also *People v. Bray*, 186 Ill. App. 3d 394, 398, 542 N.E.2d 512, 515 (1989) (rejecting the defendant's argument that a three-year maximum sentence provision in the parties' plea agreement was still binding after probation revocation and finding, instead, that "[t]he court was free to resentence [the] defendant to any permissible sentence" upon the defendant's failure to abide by the terms of his probation).

¶ 43            In this case, defendant was admonished regarding the maximum penalty she faced for the charged offense. Additionally, when she admitted the allegations of the State's third petition to revoke, the trial court noted that defendant had no "agreement with the State" and admonished her that she faced a range of different penalties, from modification of her existing probation to resentencing on the underlying charge with a sentencing range of three to seven years in prison. Defendant indicated she had no questions regarding the range of penalties she faced. Further, we note that there is no indication from the record that the parties' plea agreement addressed circumstances beyond defendant's original sentencing. In other words, the record fails to reflect that the State was bound by its agreement to cap its sentencing recommendation in the event that defendant was sentenced to probation, violated that probation, and was resentenced. Accordingly, like in *Landers*, defendant violated the terms of her original sentence and may not

- 16 -

now claim that she received an unfair resentencing hearing or that she did not receive the benefit of her bargain with the State.

¶ 44                                    III. CONCLUSION

¶ 45        In closing, we commend OSAD's First District office for expeditiously addressing defendant's appeal. Although we ultimately find no merit to the sentencing issues defendant raised, we nevertheless appreciate that OSAD's First District office quickly identified and addressed potential sentencing issues in the case prior to defendant's imminent release from prison.

¶ 46        For the reasons stated, we affirm the trial court's judgment.

¶ 47        Affirmed.

---

**No. 4-17-0614**

---

| | |
|---|---|
| **Cite as:** | *People v. Pina*, 2019 IL App (4th) 170614 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Livingston County, No. 13-CF-233; the Hon. Jennifer H. Bauknecht, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Patricia Mysza, and Bridget Geraghty, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Randy Yedinak, State's Attorney, of Pontiac (Patrick Delfino, David J. Robinson, and Luke McNeill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---