NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 180630-U

NO. 4-18-0630

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 7, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | De Witt County |
| BOBBY E. WRIGHT JR., | ) | No. 16CF76 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Karle E. Koritz, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, holding the trial court did not improperly consider a factor inherent in the offense when sentencing defendant.

¶ 2    Defendant, Bobby E. Wright Jr., was charged by information in August 2016 with one count of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2016)), normally a Class A misdemeanor, but enhanced to a Class 4 felony based on defendant's criminal record (720 ILCS 5/12-3.2(b) (West 2016)). In November 2016, defendant pleaded guilty for a term of probation. In February 2017, the State filed a petition to revoke defendant's probation, and in May 2017, defendant admitted and stipulated to two of the three allegations in the State's petition. There was no agreement as to sentence, and the trial court set the matter for sentencing in July 2017. When defendant failed to appear for sentencing, the court issued a bench warrant, and defendant was eventually apprehended in April 2018. At the May 2018 sentencing hearing, after receiving

an updated presentence investigation report (PSI) and hearing arguments from counsel, the court sentenced defendant to five years in the Illinois Department of Corrections (DOC). In July 2018, defendant filed a "Motion to Reconsider Sentence," which the trial court heard in August 2018 and subsequently denied. Defendant filed a timely notice of appeal.

¶ 3                                    I. BACKGROUND

¶ 4          In August 2016, defendant was charged with domestic battery, a Class 4 felony, eligible for extended term sentencing (730 ILCS 5/5-5-3.2(b)(1) (West 2016)). The information alleged defendant caused bodily harm to the victim by punching her "in the face with his fist causing a laceration to the left side of her cheek." In November 2016, defendant pleaded guilty in exchange for a term of 12 months' probation with the standard terms and conditions of probation, including abstaining from alcohol and illicit drugs. In February 2017, the State filed a petition to revoke defendant's probation, alleging defendant, while on probation, committed new offenses, tested positive for cannabis, and was observed under the influence of alcohol. In May 2017, defendant admitted the cannabis and alcohol use allegations, and the State agreed to dismiss the allegations based on the commission of new offenses while on probation. There was no agreement as to sentence, and the matter was set for sentencing in July 2017. Defendant failed to appear at sentencing, a warrant was issued, and he was eventually apprehended in April 2018. At the May 2018 sentencing hearing, neither the State nor defendant presented evidence, and both stood on the information contained in defendant's PSI. The State recommended six years in prison, and defendant's counsel recommended two and a half years. The trial court sentenced defendant to five years in DOC.

¶ 5          In July 2018, defendant filed a "Motion to Reconsider Sentence," claiming the trial court's sentence was excessive. The trial court denied the motion. This appeal follows.

¶ 6                                    II. ANALYSIS

¶ 7          Defendant asserts the trial court improperly considered as a statutory aggravating

factor that defendant's conduct caused or threatened serious harm—a factor inherent in the

offense of domestic battery—when it imposed his sentence. Defendant also contends we should

review this otherwise unpreserved error under plain error. We disagree with both arguments and

affirm.

¶ 8                                   A. Plain-Error

¶ 9          Normally, in order for a defendant to preserve a sentencing error for review, both

a contemporaneous objection and a written postsentencing motion raising the issue are required.

*People v. Harvey*, 2018 IL 122325, ¶ 15, 115 N.E.3d 172; see also 730 ILCS 5/5-4.5-50(d) (West

2018) (a defendant's challenge to the correctness of a sentence or to any aspect of the sentencing

hearing shall be made by a written motion filed within 30 days following the imposition of

sentence). Here, defendant's postsentencing motion raised generic claims of excessive sentence

but did not apprise the trial court of the specific claim of error he raises on appeal and did not

provide the court an opportunity to address it. See *People v. Heider*, 231 Ill. 2d 1, 18, 896 N.E.2d

239, 249 (2008). The plain-error rule found in Illinois Supreme Court Rule 615 (eff. Jan. 1,

1967) says that "[a]ny error, defect, irregularity, or variance which does not affect substantial

rights shall be disregarded" unless the appellant demonstrates plain error. " '[S]entencing errors

raised for the first time on appeal are reviewable as plain error if (1) the evidence was closely

balanced or (2) the error was sufficiently grave that it deprived the defendant of a fair sentencing

hearing.' " *People v. Williams*, 2018 IL App (4th) 150759 ¶ 16, 99 N.E.3d 590 (quoting *People

v. Ahlers*, 402 Ill. App. 3d 726, 734, 931 N.E.2d 1249, 1256 (2010)). However, the doctrine of

plain error does not instruct reviewing courts to consider all forfeited errors. It is not a general

savings clause to be used to preserve all errors affecting substantial rights not previously brought to the trial court's attention, but it is a narrow and limited exception to the general forfeiture rule. *People v. Jackson*, 2020 IL 124112, ¶ 81, 162 N.E.3d 223; see also *People v. Herron*, 215 Ill. 2d 167, 177, 830 N.E.2d 467, 474 (2005). In addressing a claim of plain error, it is appropriate to determine whether error occurred at all. See *People v. Hood*, 2016 IL 118581, ¶ 18, 67 N.E.3d 213. This is especially true where a defendant contends the trial court relied on an improper factor in aggravation during sentencing since the trial court's consideration of an improper factor is not cause for remand if the record demonstrates the weight placed on that factor was so insignificant that it did not lead to a greater sentence. *Heider*, 231 Ill. 2d at 21.

¶ 10                                    B. Sentencing Factors

¶ 11             Although it is true a trial court is not to consider incompetent evidence, improper aggravating factors, or ignore pertinent mitigating factors when fashioning a sentence (see *People v. Hernandez*, 204 Ill. App. 3d 732, 740, 562 N.E.2d 219, 225 (1990)), "[t]he defendant bears the burden to affirmatively establish that the sentence was based on improper considerations, and we will not reverse a sentence *** unless it is clearly evident the sentence was improper." *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 29, 82 N.E.3d 693. "There is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, and a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *People v. Canizalez-Cardena*, 2012 IL App (4th) 110720, ¶ 22, 979 N.E.2d 1014. "Whether a trial court considered an improper factor when sentencing a defendant is a question of law, which we review *de novo*." *People v. Winchester*, 2016 IL App (4th) 140781, ¶ 72, 66 N.E.3d 601.

¶ 12    Here, the trial court began its comments by mentioning its consideration of the statutory factors in aggravation and mitigation, the PSI, the recommendations and arguments of counsel, and defendant's statement in allocution. See *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38, 92 N.E.3d 494 ("When imposing a sentence, the trial court must consider statutory factors in mitigation and aggravation, but the court need not recite and assign a value to each factor it has considered."). The trial court also properly noted defendant was not being sentenced on the acts which constituted the violation of probation but on the underlying felony offense. See *People v. Pina*, 2019 IL App (4th) 170614, ¶ 30, 143 N.E.3d 794 ("Upon revocation of a defendant's probation, the trial court resentences the defendant to a disposition that would have been appropriate for the original offense." (Internal quotation marks omitted.)). The trial court then properly considered factors in mitigation, including the nonstatutory factor of his employment, and noted defense counsel's claim defendant was "self-medicat[ing]." Defendant focuses on the following comments by the court, to the exclusion of everything else:

> "When I look at the statutory factors in aggravation, I note that the
> Defendant's conduct caused or threatened serious bodily harm.
> The evidence in the PSI is that the Defendant punched the victim
> in the face with a closed fist. The victim later changed that story
> and said that she had fallen into the door, but her initial account
> was that the Defendant punched her in the face with a closed fist.
> The officer did observe a small laceration by her lip. This is a
> violent offense made upon the victim who is younger, smaller and
> weaker than the Defendant."

¶ 13        Taking the trial court's remarks in context, it is reasonable to conclude the trial court was pointing out how, on the spectrum of conduct constituting domestic battery, this was at the more violent end since it involved defendant punching a "younger, smaller and weaker" victim in the face with a closed fist. "While the classification of a crime determines the sentencing range, the severity of the sentence depends on the *degree of harm* caused to the victim and as such may be considered as an aggravating factor in determining the exact length of a particular sentence, *even in cases where serious bodily harm is arguably implicit in the offense for which a defendant is convicted.*" (Emphases in original.) *People v. Saldivar*, 113 Ill. 2d 256, 269, 497 N.E.2d 1138, 1143 (1986). The court is permitted to take into account the nature and circumstances of the offense when imposing a sentence and, when fashioning an appropriate sentence, could give some weight to them. See *People v. Thomas*, 171 Ill. 2d 207, 227, 664 N.E.2d 76, 87 (1996).

¶ 14        Regardless, defendant's argument fails to note the trial court did not dwell on the circumstances of the offense and, instead, immediately launched into a discussion of defendant's prior criminal history, the fact this was his third conviction for felony domestic battery, and how both probation and prison sentences have not modified his behavior toward domestic partners. The trial court also noted his second felony domestic battery was committed shortly after being released from prison and while still on parole for the first, and this offense was committed while on parole for the second.

¶ 15        The trial court highlighted defendant's previous failures at probation, concluded defendant's criminal history warranted another DOC sentence to protect the public, and found a community-based sentence would deprecate the seriousness of the offense. When we consider the court's comments as a whole, the trial court focused on (1) defendant's prior criminal history

(730 ILCS 5/5-5-3.2(a)(3) (West 2016)), including a sequential history of the same or similar offenses, either soon after release from the penitentiary, or while on mandatory supervised release (730 ILCS 5/5-5-3.2(a)(12) (West 2016)); (2) defendant's previous failure at community-based sentences (730 ILCS 5/5-6-1(a)(2) (West 2016)); (3) protection of the public (730 ILCS 5/5-6-1(a)(1) (West 2016)); and (4) deterrence (730 ILCS 5/5-5-3.2(a)(7) (West 2016)). These are all proper for consideration either as statutory factors in aggravation or in preclusion of a sentence of probation. Further, because of defendant's criminal history, he was extended term eligible under section 5-5-3.2(b)(1) (730 ILCS 5/5-5-3.2(b)(1) (West 2016)). We therefore find there was no error in the trial court's consideration of the various factors outlined above and, in context, the court's comment did not amount to an improper consideration of a factor inherent in the offense. Thus, no plain error analysis is necessary.

¶ 16          Other than defendant's focus on the isolated comment of the trial court regarding the nature of the offense, there is no evidence in the record to suggest the court gave it improper consideration. As we noted above, it was defendant's burden to affirmatively show the trial court based its sentence on an improper consideration, and barring that, we will not reverse without clear evidence the sentence was improper. *Etherton*, 2017 IL App (5th) 140427, ¶ 29. There is nothing in this record to suggest the sentence was improper.

¶ 17                              III. CONCLUSION

¶ 18          For the reasons set forth above, we affirm the judgment and sentence of the trial court.

¶ 19          Affirmed.