NOTICE
Decision filed 09/29/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 231312-U

NO. 5-23-1312

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 22-CF-128 |
| | ) | |
| NATHANIEL COKER, | ) | Honorable |
| | ) | Allan F. Lolie Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHOLAR delivered the judgment of the court.
Presiding Justice McHaney and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's 15-year sentence for criminal sexual assault is affirmed where the sentence was neither excessive nor an abuse of discretion.

¶ 2    Defendant, Nathaniel Coker, entered into an open plea of guilty to one count of criminal sexual assault. The Effingham County trial court sentenced him to 15 years in prison. Defendant appeals his 15-year sentence, arguing that his sentence was excessive considering he expressed remorse, had a positive work history, family support, and possessed youth characteristics. For the reasons that follow, we affirm defendant's sentence.

¶ 3                                I. BACKGROUND

¶ 4    We recite only the facts necessary to address the specific arguments of the parties on appeal. On April 20, 2022, defendant was indicted with a single count of predatory criminal sexual

1

assault of a child. The indictment alleged that on or about January 12, 2022, when defendant was 17 years or older, and M.B. was under 13, defendant knowingly committed an act of sexual penetration with M.B. in that he placed his penis in her vagina.

¶ 5 The parties reached a plea agreement on June 1, 2023. That day, the State filed an information charging defendant with criminal sexual assault, a Class 1 felony. 720 ILCS 5/11-1.20(a)(2) (West 2022). The information alleged that on or about January 12, 2022, defendant knowingly committed an act of sexual penetration with M.B. in that he placed his penis in her vagina and knew that M.B. was unable to understand the nature of the act and was unable to give knowing consent.

¶ 6 On June 1, 2023, the trial court conducted a plea hearing and accepted defendant's open plea of guilty to criminal sexual assault. Defendant was admonished that the possible penalties included a sentence of 4 to 15 years in prison. 730 ILCS 5/5-4.5-30(a) (West 2022). The State agreed to dismiss the single count of predatory criminal sexual assault and dismiss four other pending cases. The factual basis presented by the State indicated that on or about January 12, 2022, when defendant was 20 years old and M.B. was 12 years old, defendant inserted his penis into M.B.'s vagina on at least four separate occasions. The court accepted the factual basis and accepted defendant's guilty plea.

¶ 7 The presentence investigation (PSI) report reflected that defendant was 21 years old at the time of sentencing, and he had no prior convictions. Relevant to this appeal, the PSI indicated that defendant reported that his relationships with his family remained strong throughout his arrest.

¶ 8 On August 1, 2023, the matter proceeded to sentencing. At the sentencing hearing, the State first called Effingham Police Department Detective Ryan Holsapple as a witness in aggravation. Detective Holsapple reviewed the report from Officer Brittany Webb, who took a statement from

M.B. at St. Anthony's Hospital. M.B. sought treatment for abdominal pain, and she advised a nurse that she engaged in sexual relations with a 20-year-old man.

¶ 9      M.B. told Webb that she met defendant through mutual friends. M.B. was in foster care, and she snuck out of her home to "hang out" with friends. M.B. met defendant while hanging out with friends, and she and defendant rode in the back seat of a car together while their friends drove around for three consecutive nights. On the second night, M.B. and defendant "began making out" and smoked cannabis together in the back seat. Defendant rubbed her "vaginal area" with his hand outside of her clothing. Eventually, M.B. returned home.

¶ 10     After her time at home, M.B. met up with defendant once more. Defendant and M.B. had sex at the home of defendant's friend, Nathan Matthews. M.B. and defendant left Matthews' home and went to defendant's car. M.B. and defendant got into the backseat of defendant's car together. M.B. advised law enforcement that over the course of a day or two, she and defendant had sex in his car three times. M.B. indicated that each incident was vaginal intercourse.

¶ 11     Detective Holsapple interviewed Matthews, who confirmed that M.B. and defendant spent the night at his apartment. Matthews knew that M.B. was 12, and Matthews told Detective Holsapple that Matthews talked about M.B.'s age in front of defendant.

¶ 12     Detective Holsapple was present during M.B.'s Child Advocacy Center (CAC) interview. During the interview, M.B. stated that after she and defendant had sex in his car, she wiped herself off with a blue t-shirt. Detective Holsapple searched defendant's vehicle and recovered a stained blue t-shirt. The Illinois State Police Crime Lab tested the shirt, which showed that both M.B.'s DNA and defendant's semen were on the shirt.

¶ 13     Effingham Police Department Patrolman Brennan Poland testified in aggravation. Officer Poland testified that in January of 2022, he responded to a domestic battery report. Shyanne Haston

reported that she was attacked by defendant, with whom she had been in a prior dating relationship. Defendant allegedly came up behind Haston, knocked her down, hit her, and bit her. Officer Poland observed bite marks on Haston, and he observed signs that she was grabbed or struck in the face. Officer Poland arrested defendant. Officer Poland testified that the police responded to many domestic incidents between defendant and Haston. Officer Poland testified that he "lost track of how many times we'd dealt with them."

¶ 14 The State presented a victim impact statement from M.B.'s mother. The statement indicated that since the incident, M.B. attempted suicide and engaged in self-harm. She wrote that defendant targeted M.B., who was in the foster care system, and defendant lacked remorse or empathy. The State also presented a victim impact statement from M.B. M.B. wrote that she thought about what happened to her every day. She felt as if her body was no longer hers, and she frequently had nightmares. She wrote that she is often unable to sleep.

¶ 15 Defendant presented a statement in allocution. He apologized for his actions and indicated that he was remorseful. He stated that he stopped taking his prescribed medications, and ultimately "got involved in alcohol and drugs." Defendant stated that he maintained employment as a painter and carpenter prior to his arrest. He stated that since going to jail, he was forced to be sober. He took his medications, and he read the Bible every day. Defendant testified that he spoke to his parents frequently. He stated that he took "full responsibility" for his actions, and he "deeply" regretted what happened.

¶ 16 The State argued that defendant should receive the maximum of 15 years in prison, given the statutory factors in aggravation. The State argued that defendant's conduct caused harm to M.B. The State argued that defendant groomed M.B. over the course of a few days, and that defendant took advantage of M.B. Defense counsel argued that defendant was not a predator, he

4

expressed remorse for his actions, came from a good family, and was relatively young. Defense counsel argued that defendant had rehabilitative potential and argued for a sentence of five to seven years in prison.

¶ 17     The trial court noted that it considered the PSI report. It considered the arguments of counsel and the cost of incarceration. The court expressly noted that it considered defendant's statement in allocution along with the victim impact statements from M.B. and her mother. The court also noted that it considered the evidence in aggravation. The court noted that it found "that age is mitigating" for defendant, but the victim's age was "aggravating."

¶ 18     The court did not expressly find any statutory factors in mitigation, although the court noted that defendant "has gotten back on his medications, four different medications, and so at least he's on the right track there." As to the statutory factors in aggravation, the court noted that defendant's conduct caused or threatened serious harm, where M.B.'s life was "turned upside down because of this." The court also noted that defendant attacked an ex-girlfriend, which the court considered evidence in aggravation. The court noted that a sentence was necessary to deter others. The trial court also noted that defendant was 20 years of age, and he was aware that the victim was 12. The trial court sentenced defendant to 15 years in prison.

¶ 19     On August 22, 2023, defendant filed a motion to reconsider sentence, arguing that his sentence was excessive. On December 11, 2023, the court denied the motion. On December 14, 2023, this timely appeal followed.

¶ 20                                    II. ANALYSIS

¶ 21     On appeal, defendant contends that the trial court abused its discretion by sentencing him to 15 years in prison. Specifically, he argues that the court's sentence was excessive where it failed to consider defendant's remorse, positive work history, family support, and youth. Defendant asks

5

this court to use its power under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) to either reduce defendant's sentence to a prison term that we find appropriate or, in the alternative, remand for a new sentencing hearing with instruction to the circuit court as to an appropriate term of years. For the reasons that follow, we decline to do so and affirm defendant's sentence.

¶ 22    In the case before us, defendant ultimately pleaded guilty to one count of criminal sexual assault, a Class 1 felony. 720 ILCS 5/11-1.20(a)(2) (West 2022). A person convicted of a Class 1 felony is subject to a sentencing range of 4 to 15 years in prison. 730 ILCS 5/5-4.5-30(a) (West 2022).

¶ 23    The Illinois Constitution of 1970, article I, section 11, requires that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "A sentencing court must not only consider rehabilitative factors in imposing a sentence, it must also make rehabilitation an objective of the sentence." *People v. Wendt*, 163 Ill. 2d 346, 352-53 (1994). In fashioning an appropriate sentence, the trial court must consider the defendant's "credibility, demeanor, general moral character, mentality, social environment, habits, and age" and impose a sentence based on the circumstances of each case. (Internal quotation marks omitted.) *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19. The court must also carefully consider the statutory factors in mitigation and aggravation. *People v. Center*, 198 Ill. App. 3d 1025, 1033 (1990). The court is not, however, required to recite and assign a value to each factor considered. *Pina*, 2019 IL App (4th) 170614, ¶ 19. There is a presumption that a circuit court considers all mitigating evidence presented. *People v. Abrams*, 2015 IL App (1st) 133746, ¶ 33.

¶ 24    A trial court's sentencing decision is entitled to great deference. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). Such deference is granted "because the trial court is generally in a better

position than the reviewing court to determine the appropriate sentence." *Id.* "If a sentence falls within the statutory limits, it will not be overturned on appeal absent an abuse of discretion." *People v. Bunning*, 2018 IL App (5th) 150114, ¶ 16. "An abuse of discretion occurs only if a sentence greatly varies from the spirit and purpose of the law or where it is manifestly disproportionate to the nature of the offense." *Id.*

¶ 25    Defendant argues that the trial court failed to consider factors in mitigation and evidence of his rehabilitative potential. On the contrary, the trial court expressly noted that defendant's age was "mitigating." The court also expressly stated that while it found no statutory factors in mitigation, the court indicated that defendant took his medications while incarcerated and "at least he's on the right track there to get back on his medications." Although the court made no express comments about rehabilitative potential, a defendant's rehabilitative potential is not entitled to more weight than the seriousness of the offense. *People v. Alexander*, 239 Ill. 2d 205, 214 (2010). A sentencing "court has no obligation to recite and assign value to each factor presented at a sentencing hearing." (Internal quotation marks omitted.) *People v. Brazziel*, 406 Ill. App. 3d 412, 434 (2010).

¶ 26    Defendant also argues that he was "relatively young" when he engaged in the offense, reasoning that he has "more rehabilitative potential." The trial court expressly considered defendant's age, even going so far as to find defendant's age "mitigating." The court also noted that it considered the arguments of counsel, and defense counsel expressly argued that defendant was a young offender. Defendant seems to suggest that *Miller v. Alabama*, 567 U.S. 460, 469 (2012), should apply in his case. However, *Miller* and its progeny do not apply to defendant, where he was not a juvenile when he committed the offense in this case, nor did he receive a life sentence.

7

Claims for extending *Miller* to offenders 18 years of age or older have been repeatedly rejected.[1] The Illinois Supreme Court continues to hold that *Miller* only applies to juveniles and does not apply to emerging adults. See *People v. Spencer*, 2025 IL 130015, ¶ 32. Succinctly stated, because defendant was 20 years old at the time of the offense, his claim fails.

¶ 27 Defendant also argues that he expressed remorse for his actions by pleading guilty, and he accepted responsibility for his actions in his statement of allocution. The trial court expressly noted that it considered defendant's statement in allocution when fashioning defendant's sentence. Defendant also contends that his background demonstrates a positive work history and his family support. As noted above, the trial court stated that it considered defendant's statement in allocution, where he discussed his relationship with his family. The court also considered the PSI report, which offered the same information to the court.

¶ 28 Defendant essentially asks this court to reweigh the sentencing factors, claiming that his 15-year sentence is excessive. While it is true a trial court's sentencing discretion is "not unfettered" (*People v. O'Neal*, 125 Ill. 2d 291, 297 (1988)) and that the appellate court was never meant to be a "rubber stamp" for the sentencing decisions of the trial court (*People v. Woodson*, 2024 IL App (1st) 221172, ¶ 89), it is also axiomatic that this court "must not substitute its judgment for that of the trial court merely because [we might] have weighed" the pertinent sentencing factors differently. *Stacey*, 193 Ill. 2d at 209. A reviewing court's role is not to reweigh the sentencing factors or substitute its judgment for that of the trial court. *People v. Klein*, 2022 IL

---

[1]See, *e.g.*, *United States v. Williston*, 862 F.3d 1023, 1039-40 (10th Cir. 2017) (declining to expand the holding of *Miller* to offenders who are " 'just over age 18' " at the time of their offenses); *United States v. Marshall*, 736 F.3d 492, 500 (6th Cir. 2013) (determining considerations of efficiency and certainty require a bright line separating adults from juveniles, and for purposes of the eighth amendment, an individual's eighteenth birthday marks that bright line); *People v. Argeta*, 210 Cal. App. 4th 1478, 149 Cal. Rptr. 3d 243, 245-46 (2012) (rejecting argument to extend *Miller* to an offender who was over 18 years old at the time of his offense); *People v. Abundio*, 221 Cal. App. 4th 1211, 165 Cal. Rptr. 3d 183, 190 (2013) (same); see also *People v. Harris*, 2018 IL 121932, ¶ 61.

App (4th) 200599, ¶ 37. Here, the record reflects that the court considered the evidence and arguments of the parties, the factual basis, the PSI, the history, character, and attitude of defendant, and the relevant statutory factors in aggravation and mitigation. The factors considered by the sentencing court provide a sufficient basis for the prison sentence imposed in this matter, and the court's sentence was within the statutory range of sentences permissible. For these reasons, under the facts and circumstances of this case, we do not find that defendant's sentence was excessive or that the court abused its discretion in sentencing defendant.

¶ 29                                    III. CONCLUSION

¶ 30    For the foregoing reasons, we affirm the judgment and sentence of the circuit court of Effingham County.


¶ 31    Affirmed.